In the Matter of the Claim of FLORETTA MARSHALL, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.

Third Department, November 12, 1953.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown* and *Francis R. Curran* of counsel), for appellant.

*Dorothy Friedman, Hyman N. Glickstein* and *Daniel W. Meyer* for respondent.

HALPERN, J. This case presents the question of whether a paid holiday, occurring in the course of an indefinite layoff, may be considered a day of unemployment for the purpose of computing unemployment insurance benefits.

The claimant had been employed as a sewing machine operator by a manufacturer of leather novelties for over a year prior to May, 1951. The contract between her labor union and her employer provided for five paid holidays, including Memorial Day, for all employees who had been on the payroll for at least six months. The claimant worked on Monday, May 28, 1951, a full day. She worked a half day on Tuesday, May 29, 1951, and at noon of that day, was laid off for an indefinite period because of lack of work. She was not called back for work until September. She was paid a full day's wages by her employer for Memorial Day, May 30, 1951, under the requirement of his contract with the union. The claimant contends that May 30th should nevertheless be treated as a day of unemployment. The unemployment insurance referee and the appeal board have agreed with this contention.

We think that the referee and the board were right. The claimant's period of unemployment started on May 29th and it was not interrupted and a period of employment recreated for the one day of the holiday by virtue of the payment of holiday pay (*Matter of Schultz* [*Corsi*], 272 App. Div. 1094).

Both sides agree that the rule should be the same for paid holidays and for paid vacations. That the receipt of vacation pay, as a bonus for past services, during the course of a layoff does not affect the claimant's right to unemployment insurance benefits has been decided in *Matter of Yeager* (*Corsi*) (282 App. Div. 604) and in *Matter of Spinella* (*Corsi*) (282 App. Div. 974) handed down today.

The Industrial Commissioner, in intra-office instructions issued by him, sought to draw a distinction between a paid holiday occurring in the course of a week in which there was some employment and one occurring in a week in which there was no employment whatever. He sought in this way to limit the effect of our decision in *Matter of Schultz* (*Corsi*) (*supra*). There is no basis in the statute for this distinction and upon this appeal the Attorney-General does not attempt to defend it. Rather he argues that the court should overrule *Matter of Schultz* (*Corsi*) and should hold that any paid holiday is a day of employment, regardless of when it occurs. This view we cannot accept. The payment for the holiday was in the nature

of a bonus or additional compensation for work performed prior to the layoff, which the employer was required to pay under the terms of the union contract.

The decision of the Unemployment Insurance Appeal Board should be affirmed, with costs to the claimant against the commissioner.

FOSTER, P. J., BERGAN, COON and IMRIE, JJ., concur.

Decision of the Unemployment Insurance Appeal Board affirmed, with costs to the claimant-respondent against the Industrial Commissioner.