In the Matter of the Claims of ETHEL YEAGER et al., Respondents. EDWARD CORSI, as Industrial Commissioner, Appellant.

Third Department, November 12, 1953.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown and Francis R. Curran of counsel), for appellant.*

*Benjamin Wyle and Max Zimny for respondents.*

FOSTER, P. J.  This is an appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which affirmed the decision of the referee overruling the initial determination of the Industrial Commissioner that claimants were not totally unemployed during various times between June 1st and September 15, 1951.  The Appeal Board held that claimants were totally unemployed during such periods and entitled to benefits therefor.

Claimants were all employees of the American Woolen Company at its plant in Fulton, New York.  The employer and the union in which claimants were members had an agreement which provided that during the period of June 1st to September 15th in each year, at a time and in the manner to be determined by the employer after consultation with the union, a vacation with pay would be given to employees according to the number of years of service which each employee had performed.  The six claimants involved in this appeal were entitled to paid vacations for 1951, some for a period of one week and others for a period of two weeks.  Employees not entitled to vacations because they did not have sufficient seniority were entitled under the contract to receive a vacation bonus equal to 2% of their earnings for the year preceding June 1st.  The agreement also provided that in the event the employer was of the opinion that an emergency made it inadvisable for employees to take a vacation an amount equal to the vacation pay should be paid to each employee entitled thereto on or before July 15th.

In 1951, the employer was engaged in the production of textile products essential to the defense effort of the Government, and the urgency of filling contracts therefor required that full production be continued without an interruption for vacations. It had generally been the practice of the employer to close down the entire plant during the week in which Independence Day occurred, and to issue vacation pay bonuses during the third or fourth week of the last month of the second quarter.

By agreement the contract between the employer and the union was modified and a notice was posted in May, 1951, as to vacations for that year. This notice stated that the mill would not close for the vacation period; that vacations would be staggered from June 4th to September 15th; that if an employee wished a vacation he should contact his overseer within ten days; and finally if too large a number applied for any one week it would be necessary to take the matter up directly with the overseer or steward so that production would not be affected.

The referee found that it was the intent of the parties to the agreement to abolish the vacation period fixed by the original collective agreement and it was hoped that none of the employees would request a vacation. Or at any rate for those who requested a vacation it was necessary that both the union and the employer agree so that the level of production might be maintained. During the spring of 1951 and despite the intent of the parties to the agreement the mill was closed for four weeks because of contingencies not pertinent to the issues here. According to the employer's practice when an employee was laid off he was subject to recall at any time, and could not plan to take a normal vacation during that indefinite period. However when an employee was on his vacation he was not subject to recall until after the termination of his vacation period. None of the claimants involved in this proceeding requested a vacation and were laid off due to the fact that the mill was having difficulty with respect to the color of cloth. They did, however, receive vacation pay in accordance with their rights under the contract and according to their length of service.

The Industrial Commissioner contends that since the claimants received vacation pay by the end of June, 1951, and since the normal vacation period was from June 1st through September 15th, all periods of unemployment during the normal vacation period were periods of paid vacation until the actual vacations to which claimants were entitled had been utilized, and that therefore claimants were not totally unemployed during the periods above mentioned. The commissioner relies upon the authority of *Matter of Mullen (Corsi)* (277 App. Div. 1073). Claimants argue that the subsequent agreement between the employer and the union abrogated the normal vacation period and therefore when claimants were laid off through no fault of their own, they were totally unemployed during the layoff period. We think the *Mullen* case should be limited strictly to its own facts. In that case there was a definite week fixed by contract for vacation periods and claimants' layoffs there occurred during

that week. Due to the fact that the layoffs and the vacation period coincided it was held that claimants in that situation, enjoying a vacation with pay, could not be said to be totally unemployed within the intent and meaning of section 522 of the Labor Law. In the instant case the absolute right to a vacation period had been abrogated and it was clearly intended that most of the employees should work throughout the entire summer in order to maintain the rate of production required by the employer. The board found in affirming the findings of the referee that under such circumstances the payments which claimants received as vacation pay were in effect bonuses for past service rendered, and that such bonuses did not render claimants ineligible for benefits. We think there was substantial evidence to sustain the findings of the board and that its conclusion was properly drawn.

The decision of the Appeal Board should be affirmed, with costs to the respondents.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Decision of the Unemployment Insurance Appeal Board affirmed, with costs to the respondents.