In the Matter of the Claim of FRANCIS MOYNIHAN, Respondent, against WILLIAM TURNER COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and insurance carrier from an award of the Workmen's Compensation Board which granted claimant compensation for reduced earnings on the basis of a 50% partial disability. Claimant was injured in an industrial accident on August 8, 1950, and was paid full compensation until February, 1951. On February 26, 1951, claimant started his own plumbing and heating business. There is testimony in the record that he performed only supervisory duties. Claimant had no actual earnings, and the board has properly determined upon the basis of medical proof that his earning capacity was 50%. Subdivision 5-a of section 15 of the Workmen's Compensation Law authorizes such procedure. The record does not disclose that appellants were improperly foreclosed from offering any relevant proof. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

■

In the Matter of the Claims of JAMES SPINELLA et al., Respondents. EDWARD CORSI, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board. The case is somewhat similar to the problem presented by *Matter of Yeager* (*Corsi*) (*ante*, p. 604) decided herewith. Here claimants were pressers of men's clothing. The contract of employment provided that there would be a vacation period consisting of the first two weeks in July; the payment for the first week to be paid at the commencement of the vacation period and the payment for the second week to be made "when and if the employee returns to work." The employment of the claimants was terminated June 6, 1952, because of lack of work and they were paid June 12th, for this period. On June 26th, they received payment for the first week of July, under their vacation contract. When the plant shut down on June 6th, claimants were told they would be advised by mail when the plant would reopen. It did not reopen until August 4th. Thus, the vacation pay was held by the Appeal Board and must be deemed to be part of the compensation for previous services, and during such period, as well as immediately before and after it, it was properly held that there was a "total lack of employment" within the statute as it has been given administrative and judicial interpretation. Decision unanimously affirmed, with costs to respondents. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.