249 So.2d 625

**James H. AUTWELL and Winford C. Stansell**

v.

**STATE DEPARTMENT OF INDUSTRIAL RELATIONS, Alabama Pipe Company, Coosa Foundry, Employer.**

**7 Div. 27, 28.**

Court of Civil Appeals of Alabama.

June 16, 1971.

Hawkins, Rhea, Keener, Battle & Cusimano, Gadsden, for appellants.

J. Eugene Foster and Kenneth E. Vines, Montgomery, for Dept. of Industrial Relations.

Walter Merrill, Anniston, for Alabama Pipe Co. and Coosa Foundry.

BRADLEY, Judge.

The cases before this court resulted from judgments being rendered against the appellants, denying them unemployment compensation.

The cases were consolidated and tried together by the Circuit Court, sitting without a jury.

The appellants had claimed unemployment compensation for two weeks when they allege they were unemployed.

The record shows that appellants were employees of Alabama Pipe Company, Coosa Foundry, which is located in Gadsden, Alabama. They worked the last scheduled work day in 1966, which was December 22, preceding the Christmas holiday. The company thereafter voluntarily shut the foundry down for the last week in December 1966, which included Christmas Day, and the first week in January 1967, which included New Year's Day. Operations at the foundry resumed on Monday, January 9, 1967. This was the first scheduled work day after the shutdown.

The contract between the company and the union of which the appellants were members provided for certain paid holidays during the year, and included was Christmas Day and New Year's Day. It was provided in the contract that each employee should be paid for eight hours at his average straight time hourly rate for the above mentioned holidays, without any work being performed on said holidays. It was further provided in the contract that each employee was to work the last scheduled work day preceding the holiday and the first scheduled work day after

the holiday, in order to be eligible for the holiday pay.

The appellants received holiday pay from the company for Christmas and New Year's Day.

Claims were filed by the appellants seeking unemployment compensation benefits for the last week in December 1966 and the first week in January 1967. These claims were denied by the Department of Industrial Relations for alleged failure to comply with Title 26, Section 206, Code of Alabama 1940, as Recompiled 1958.

The decision to deny unemployment compensation benefits to appellants was reviewed by the Board of Appeals of the Department and there affirmed. An appeal was then taken to the Circuit Court for a trial de novo, where it was heard by the court without a jury. There was a judgment in favor of appellees, and this appeal resulted from that judgment.

There are three assignments of error which raise two issues: (1) whether or not the term "holiday pay" is included within the term "wages" as defined by Title 26, Section 191, Code of Alabama 1940, as Recompiled 1958; and (2) whether or not holiday pay is considered paid the week following the holiday or is considered paid "with respect to" the week in which the holiday occurred.

The issues delineated above present matters of first impression in this jurisdiction. There are no Alabama appellate court decisions construing the issues now before us.

Other jurisdictions have been confronted with these issues, and it appears that the majority have construed holiday pay to be wages and consider holiday pay to have been paid with respect to the week in which the holiday occurred. See Weyerhaeuser Timber Company v. State Unemployment Compensation Commission, 217 Or. 378, 342 P.2d 114; In re Weyerhaeuser Timber Co., 53 Wash.2d 235, 332 P.2d 947; Moore v. State of Delaware Unemployment Compensation Commission, 3 Storey 209, 167

A.2d 76; General Motors Corp. v. Michigan Unemployment Compensation Commission, 331 Mich. 303, 49 N.W.2d 305; Erickson v. General Motors Corp., etc., 177 Kan. 90, 276 P.2d 376; Hill v. Review Board of Indiana Employment Security Division, 124 Ind.App. 83, 112 N.E.2d 218; and Draus v. Board of Review, 13 N.J. Super. 231, 80 A.2d 316.

Our statute—Title 26, Section 191, Code of Alabama 1940, as Recompiled 1958— defines "wages" as follows:

"* * * 'wages' as used in this chapter shall mean every form of remuneration paid or received for personal services, including the cash value of any remuneration paid in any medium other than cash; * * * provided, however, the term 'wages' shall not include: * *." [Here follow eight items that are not to be considered as "wages", and holiday pay does not appear in these eight exclusions.]

Title 26, Section 206, supra, also provides that an individual is totally unemployed where: (1) he performs no service, and (2) where no wages are payable to him with respect to that week.

The union agreement in the case at bar explicitly provided that an employee was to receive his regular wages for the named holidays even though he was not to perform any services, so long as said employee met the other conditions required of one receiving holiday pay, such as having been employed for thirty days prior to the holiday, having worked the last scheduled work day prior to the holiday, and having worked the first scheduled work day after the holiday.

In the case at bar the appellants met the eligibility conditions proscribed by the contract and were paid for the two holidays in question.

In attempting to decide whether or not "holiday pay" as authorized by the collective bargaining agreement heretofore mentioned is or is not included within the

meaning of the term "wages" as defined by Section 191, supra, it will be necessary for us to examine the decisions from other jurisdictions.

The case that appears to be practically on all fours with the case at bar is Weyerhaeuser Timber Company v. State Unemployment Compensation Commission, supra.

In that case we have an almost identical fact situation with ours, in that there was in force, a union contract providing for holiday pay; the employees of the company being paid for Christmas Day and New Year's Day; there being a shutdown of the plant for three weeks, beginning on December 21, 1956 and ending on January 14, 1957; and claims filed for unemployment compensation for the period the plant was closed, but the claims being denied.

The principal contention of the claimants in the cited case—the same contention being made in the case at bar—was that the trial court erred in its interpretation of the Oregon statute to the effect that holiday pay for Christmas Day and New Year's Day was wages or remuneration for services performed during the weeks in question.

They argued that since no productive work was performed during the weeks in question, the holiday pay received could not be considered as payment for services. They further argued that if it be considered that claimants did perform services for the Company during the shutdown, the pay received was remuneration relating to productive services actually performed on other days.

The Oregon Supreme Court said the answers to these two questions are found in the union contract and the pertinent statutes on unemployment compensation.

As we mentioned before, the union agreement in the cited case and the one in the case at bar are almost identical; we would also comment that the applicable Oregon statutes are very similar to the Alabama statutes governing the issues here presented.

For example, their statute defines "wages" as "all renumeration for employment, including the cash value, * * * of all remuneration paid in any medium other than cash."

Their statutes also provide that, "an individual is deemed 'unemployed' in any week during which he performs no services and with respect to which no wages are payable to him, * * *"

The Oregon Supreme Court then said:

"The statute does not restrict the employe to productive services and it has been said the word 'services' is not to be limited to 'the expenditure of physical or mental effort.' They are no less earned services when the employer may command the time of an employe. Social Security Board v. Nierotko, 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718.

*     *     *     *     *     *

"The contract as entered into on behalf of the claimants clearly contemplates that, although no productive services are to be performed on the particular holidays, nevertheless, they are to be considered as employes and paid as though rendering services, for if required to render physical or mental labor on these days, the contract provides they are to receive a larger rate of pay.

" *   *   * There can be no question but that their physical presence was not required on these days, but this did not sever the employer-employe relationship upon which the holiday benefits are based. We can see no difference in this situation from that of an employe who, while enjoying a vacation with or without pay from his regular employer, renders services to another for remuneration during this vacation period. The relationship of employer and employe still exists as to the workman's regular employment.

*     *     *     *     *     *

"The claimants were to be paid if they

remained as employes of the petitioner after the layoff period. We are, therefore, of the opinion that 'services' for an employer, must, under the statute, be considered in their broad sense to cover the entire employer-employe relationship while it exists without definite termination, and that in its broad meaning the statute encompasses an agreement to pay for services whether productive services are demanded or not."

The Supreme Court of Oregon in deciding the issue of whether the wages earned as holiday pay was to be considered as earned in the weeks in which the holidays fell, was faced with claimants' contentions that holiday pay should be considered in the nature of a bonus or incentive pay and to be earned in the future. This contention is based on the theory that the eligibility requirements—such as working the last day before the shutdown and the first work day after the shutdown—must be met before an employee is entitled to receive holiday pay.

The Oregon court concluded that the holiday pay was for a day certain because the holidays were specifically named in the union agreement and said agreement even went so far as to spell out the hours of beginning and ending for the holidays, and then said:

"Since it seems clear the services were performed under a written contract with reference to particular days and the contract provides the remuneration or wages to be paid for those services, we cannot look behind the clear wording of the contract to discover an undisclosed intent of the parties."

The Washington Supreme Court in the case of In re Weyerhaeuser Timber Company, supra, being faced with the construction of a statute similar to our Section 206, supra, concluded that the conjunctive nature of the statute, i. e., an individual is unemployed in any week during which he performs no services *and* with respect to which no wages are payable to him, eliminated the necessity of deciding whether

personal services had actually been rendered during the week in question, because the union contract provided that the employee was to receive holiday pay for the particular holiday so long as the eligibility requirements were met, and the holiday pay was paid for Labor Day.

The court then said:

"* * * we see no reason why it should not apply equally where an employee is paid, for reasons of mutual interest to the employee and employer, for a day on which he is not required to work because it is a holiday. In either case, no services are rendered on the day or days in question, but the employee is nevertheless paid for that day. If he is paid with respect to a given day or week, then he should not receive additional compensation from the state unless his work for that week is less than full time and his pay is less than the benefit amount. This is the import of the statute.

"* * * The agreement was, that even though the claimants did not work on holidays, they were to be paid for them provided they met certain conditions. * * * It cannot be seriously questioned that it was their understanding, and that of their employer, that such pay was to compensate them for that day, regardless of what the consideration was that induced the employer to make this compensation."

The Delaware Superior Court in the case of Moore v. State of Delaware Unemployment Compensation Commission, supra, said:

"Pay for a particular holiday is obviously paid 'with respect to' that holiday in the week in which the holiday falls.

\* \* \* \* \* \*

"* * * the Delaware Unemployment Compensation Act does not contemplate that physical services must be performed in the week as to which holiday wages are payable before such wages are deductible from benefits. To hold other-

wise would be to hold that a claimant may receive unemployment benefits and holiday pay for the same holiday.

"I conclude that (1) holiday pay was paid with respect to the week in which the holiday fell; (2) holiday pay received for the 4th of July was wages within the meaning of the statutory definition found in 19 Del.Code § 3302(16); * * * ".

We conclude, as did the courts in the cited cases, that the holiday pay provided for in the union contract in force between appellants and the appellee, Alabama Pipe Company, Coosa Foundry, was to be received by them even though they were to perform no services for their employer on the days in question. Furthermore, we are convinced that the parties to the union agreement clearly contemplated that, although no productive services were to be required of the employees on the days listed therein as holidays, the employer-employee relationship was to continue during those periods of off time. This seems to us to be the correct conclusion, especially in view of the conditions laid down in the contract for an employee to meet before he would become eligible to receive the holiday pay, such as working the last day before the shutdown and the first day after the shutdown. It is also important to note that the contract stipulated that if productive services were performed on the holidays listed therein, the employee was to be paid a larger sum for such services.

It is therefore our opinion that the holiday pay received by appellants for Christmas Day and New Year's Day as provided by the union contract was "wages" within the meaning of Section 191, supra.

We also consider the holiday pay received by appellants as having been earned in the week in which the holidays fell, for the reason that the union contract clearly contemplated that the holiday pay was for a day certain. This is so because the holidays were spelled out in the contract even

with the hours of beginning and ending listed.

We are convinced that it was the intention of the parties to the union contract that the employees were to be paid for the days listed in the contract as holidays. The agreement was plain that the employees were to be paid for Christmas Day and New Year's Day at their regular wage rate, with no productive services to be performed. We are equally convinced that the understanding of the parties to the agreement was that the employees were being paid for the particular day on which the holiday fell, and not some other day in some other week.

Hence, pay for a particular day is pay "with respect to" that day.

The holiday pay received by appellants was pay "with respect to" the weeks when they also sought unemployment compensation benefits, which were denied. To have permitted appellants to receive the holiday pay and the benefits would be contrary to the statutes authorizing unemployment compensation benefits.

We are of the opinion that the holiday pay received by appellants was paid "with respect to" the week in which the holiday fell, and that the appellants were not unemployed as defined by Section 206, supra, during the two weeks in question.

Appellants contended that "wages" as defined by Section 191, supra, means a bonus or additional compensation required by the union contract. In support of their contention, they cited us to the case of Claim of Marshall, 282 App.Div. 531, 125 N.Y.S.2d 854, 30 A.L.R.2d 366; and Hill v. Review Board of Indiana Employment Security Division, supra.

The *Marshall case* is distinguishable because of the dissimilar statutes involved; and the *Hill case* was decided on the theory that holiday pay is to be considered as deductible income "with respect to" the week when such payments are made, and

did not decide that holiday pay was in the nature of a bonus for past services and to be deductible when paid.

The judgment of the trial court is devoid of reversible error, and it is affirmed.

Affirmed.