HENRIETTA B. MORRISON v. SWIFT AND COMPANY.
COMMISSIONER OF MANPOWER SERVICES,
RESPONDENT.

205 N. W. 2d 328.

March 2, 1973—No. 43775.

*Hamilton E. Cochrane,* for appellant.

*Warren Spannaus,* Attorney General, *Curtis D. Forslund,* Solicitor General, *Peter C. Andrews,* Assistant Attorney General, and *William A. Peters,* Special Assistant Attorney General, for respondent.

PER CURIAM.

Writ of certiorari to review a decision of the commissioner of the Department of Manpower Services affirming the determination of an appeal tribunal of the department that claimant was ineligible for unemployment compensation.

Claimant, after losing her job in the fall of 1969 when her employer closed its plant, filed for and began receiving unemployment compensation. During the benefit year, on September 27, 1970, claimant received a lump-sum severance payment from her former employer, the receipt of which by virtue of Minn. St. 1969, § 268.08, subd. 3(1), made claimant ineligible for compensation for a number of weeks. On July 4, 1971, claimant, no longer receiving compensation pursuant to her first claim, filed a second claim. September 27, 1970, the date on which claimant received her lump-sum severance payment, was within the base period for this second claim which, by virtue of Minn. St. 1969, § 268.04, subd. 2, was the 52-calendar-week period immediately preceding July 4, 1971. The question for decision is whether claimant may count the lump-sum severance payment in determining her wage credits for the base period. If not, then we must affirm, because it is undisputed that during this base period claimant did not perform any services in insured work.

We hold, as the commissioner did, that the answer to this question is found in Minn. St. 1969, § 268.07, subd. 3(1), which explicitly has as its purpose "to prevent any individual from receiving benefits in more than one benefit year as a result of one separation from work." If claimant may receive compensation during the benefit year of her present claim, then she will be receiving benefits during a second benefit year even though she has only one separation from work.

Affirmed.