HALL, Judge.
This proceeding arises out of a claim for unemployment compensation benefits filed by John C. Gibson, a retired former employee of Olinkraft, Inc. Upon his retirement Gibson filed a claim with the Department of Employment Security and was found to be entitled to benefits. As provided in LSA-R.S. 23:1601 (7) (c) and (d) his benefits were reduced by the amount of his pension converted to a weekly basis. During the course of his benefit year the claimant ultimately received the total amount of benefits to which he was found entitled.
At the expiration of the first benefit year claimant again filed a claim and this time benefits were denied on the basis of LSA-R.S. 23:1601(9). The denial was subsequently affirmed by both the appeals referee and Louisiana Board of Review. Pursuant to LSA-R.S. 23:1634 the claimant instituted this suit for judicial review of the decision of the Board of Review. The district court reversed the decision of the Board of Review and held claimant was entitled to additional benefits during the second benefit year. The Administrator of the Department of Employment Security appealed. For the reasons hereinafter expressed we reverse the judgment of the district court and hold that claimant is disqualified for benefits under the provisions of LSA-R.S. 23:1601(9).
It is undisputed that since his retirement from Olinkraft Inc. -claimant has not worked or performed any services for which he received remuneration, his sole income during the benefit year being unemployment insurance benefits, a pension from Olinkraft, Inc., and possibly social security benefits. It is also undisputed that prior to the amendment of LSA-R.S. 23:1601 by Act 136 of 1971 which added subsection (9), claimant would have been entitled to be paid unemployment insurance benefits during two successive benefit years after his retirement even though he had no intervening earnings, under the definitions of “benefit year” and “base period” provided in LSA-R.S. 23:1472(6) and (4) and under the computation provisions of LSA-R.S. 23:1592 and 23:1595.
LSA-R.S. 23:1601(9) provides:
“§ 1601. Disqualification for benefits
An individual shall be disqualified for benefits:
******
(9) If the Administrator finds that he has not, subsequent to the beginning *681 of the next preceding benefit year with respect to which he received benefits, earned remuneration for service, whether or not in 'employment’ as defined in this Chapter, in an amount equal to whichever is the lesser of:
(A) three-thirteenths of the wages paid to him during that quarter of his current base period in which such wages were highest; and
(B) six times the weekly benefit amount applicable to his current benefit year.
This disqualification shall continue until such time as the claimant can demonstrate that he has had earnings as specified in this subsection.” (Emphasis supplied)
The appellant Administrator contends that the statute disqualifies claimant from the receipt of benefits because he did not earn remuneration for services actually performed during the next preceding benefit year. The claimant appellee contends, and the district court so held, that claimant is entitled to benefits under the statute because the pension payments received by him during the preceding year constituted remuneration earned by him for prior services rendered.
In 1970, the Congress of the United States enacted Public Law 91-373 known as the Employment Security Amendments of 1970. Among other provisions, this statute amended 26 U.S.C.A. § 3304 to require that any state law submitted to the Secretary of Labor for approval in connection with credit against the federal tax must provide that “an individual who has received compensation during his benefit year is required to have had work since the beginning of such year in order to qualify for compensation in his next benefit year”. (Emphasis supplied)
Subsequent to the Employment Security Amendments of 1970, the Louisiana Legislature in the Regular Session of 1971, adopted Act 136 of 1971 amending the Louisiana Unemployment Compensation Law in numerous respects, including the addition of subsection (9) to § 1601 of Title 23. Relative to the addition of subsection (9), the title of Act 136 provides:
“AN ACT
“To . . . amend Section 1601 by adding a new subsection to be designated as Subsection (9) prohibiting the receipt of benefits during two consecutive benefit years without intervening work) . . . ”.
(Emphasis supplied)
The federal statute provides that in order for a state law to be approved it must require an individual “to have had work” since the beginning of the benefit year in order to qualify for compensation in the next benefit year. The state statute was obviously enacted in order to bring state law into compliance with the federal requirement. The title to Act 136 of 1971 makes it clear that receipt of benefits during two consecutive benefit years is prohibited without intervening “work”. Subsection (9) of § 1601 provides for disqualification unless the claimant has “earned” remuneration for service subsequent to the beginning of his first benefit year. Since claimant has not, subsequent to the beginning of the next preceding benefit year with respect to which he received benefits, worked or earned remuneration for service, he is disqualified for the benefits he seeks.
For the reasons assigned, the judgment of the district court is reversed. The decision of the Board of Review holding claimant is not entitled to the benefits sought is affirmed and made the judgment of this Court.
Reversed and rendered.