WRIGHT, Presiding Judge.
This is an unemployment compensation case.
The claimant applied for unemployment benefits for a second consecutive benefit year. The Director of the Department of Industrial Relations denied the claim on the grounds that the claimant had not met the employment requirements of § 25-4-77(5), Code of Alabama (1975). The claimant appealed to the circuit court. After the submission of a stipulation of facts and the written contentions of the parties, the circuit court held that the receipt of vacation pay by the claimant during his first benefit year had qualified him for benefits in the following year. The Director appeals.
The dispositive issue is whether the receipt of vacation pay in a prior benefit year may be considered wages for work in insured employment so as to qualify a claimant for benefits in a succeeding year under § 25 — 4-77(5). We find that it does not and reverse.
The record reveals the following facts: The claimant was employed for 26 years as a millwright at Republic Steel Corporation’s Gadsden plant. Due to the unavailability of millwright work, the claimant was laid off on June 13, 1973 and began receiving unemployment compensation benefits of $60 per week on June 18, 1973. On July 7, 1973 he elected to take a ten-week vacation with pay, during which he received a total of $3,800 from Republic Steel. During the period he was receiving vacation pay, the Department of Industrial Relations, pursuant to § 25-4-71, held the claimant ineligible to receive unemployment compensation on the grounds that his vacation pay was “wages” and he was therefore not “unemployed.” After his vacation, the claimant resumed drawing unemployment benefits until the end of the benefit year on June 17, 1974. The claimant did not work from June 18, 1973 to June 17, 1974.
On June 18,1974, the claimant initiated a new benefit claim. The Department of Industrial Relations denied this claim on the grounds that the claimant had not earned wages for work in insured employment as provided by § 25 — 4-77(5) to qualify for benefits in a second consecutive benefit year.
The claimant argues that the position of the Department of Industrial Relations regarding his vacation pay is contradictory and is contrary to our holding in Autwell v. State Department of Industrial Relations, 47 Ala.App. 8, 249 So.2d 625 (1971). On the one hand, the Department denied him unemployment benefits during his ten-week vacation on the grounds that his vacation pay was “wages” under § 25 — 4-71. On the other hand, the Department denied him benefits in a succeeding year because his vacation pay was not wages for work in insured employment as required by § 25 — 4-77(5). The claimant contends that if he was not unemployed during his vacation because he received “wages” attributable to that period, then by implication he must have been employed.
We must disagree.
We note initially that this case presents an issue of first impression in Alabama. Autwell, while it is helpful here, is not controlling. In Autwell, the claimants had been laid off from work for a two-week period which overlapped the Christmas and New Year’s holidays. Under their union contract, the claimants were entitled to holiday pay for Christmas and New Year’s Day. The Autwell court found that their holiday pay was wages within the meaning of § 25 — 4-16, Code of Alabama (1975), that the meaning of the word “services” as used in § 25 — 4-71 was not restricted to actual physical or mental effort and hence those wages would be deemed “earned” on the holidays for which they were payable, and that the claimants were therefore not unemployed within the meaning of § 25 — 4-71 during the two-week layoff period for which they sought unemployment compensation. 47 Ala.App. at 10-13, 249 So.2d at 626-29 (and cases cited therein). Section 25 — 4-71 provides in part that an individual is unemployed “in any week during which he performs no services and with respect to which no wages are payable to him . . .” *499 The finding that there could be a form of implied services for a holiday went essentially to a determination of the week “with respect to which” holiday wages were payable.
Autwell follows the general rule that a claimant is not eligible for unemployment compensation while he is receiving vacation pay. This rule applies regardless of whether the vacation is taken during a period of forced lay-off. See, Annot., 30 A.L.R.2d 366 (1953); 81 C.J.S. Social Security § 218 (1977); 76 Am.Jur.2d, Unemployment Compensation, § 86 (1975). The reason for this rule lies in the basic purpose of the Unemployment Compensation Act, which is to provide funds to an involuntarily unemployed worker so that he may avoid destitution during his unemployment. Metcalf v. Department of Industrial Relations, 245 Ala. 299, 16 So.2d 787 (1944); Holmes v. Cook, 45 Ala.App. 688, 236 So.2d 352 (1970). The purpose of the Act is not served by the payment of unemployment benefits to a claimant who is receiving certain other forms of compensation, such as vacation pay, although he is not in the ordinary sense of the word employed. In such a case, the claimant would not be suffering from the disability which the Act is designed to relieve, that is, financial hardship.
Autwell, is however, not disposi-tive of the principle issue here for two reasons. First, disqualification for a specific period under § 25-4-71 does not mean that the requirements of § 25-4-77(5) for requalification in a succeeding year have thereby been met. Second, an analysis of our statute and relevant federal legislation and an examination of similar cases from other jurisdictions lead this court to conclude that § 25-4-77(5) requires that a claimant, to qualify for benefits in a succeeding year, must have performed actual work or services during his initial benefit year.
Autwell did not address the issue of requalification under § 25-4-77(5). That case was solely concerned with the disqualification of claimants under § 25 — 4-71 during periods for which other compensation was due. The fact that an individual is disqualified under § 25-4-71 because all the criteria of unemployment were not met does not directly imply that all the criteria of employment, as that term may be used in another context, were therefore met. Under § 25-4-71, there are two criteria for unemployment. For a designated week, the claimant must have performed no services and must have no wages due. A claimant will be disqualified for unemployment benefits in any week with respect to which he either performed services or had wages due. In the instant case, a finding that the claimant is disqualified under § 25-4-71 because his vacation pay is deemed “wages” does not directly imply that he performed the “services” required by § 25-4-77(5).
Secondly, our holding that the “work in insured employment” required by § 25-4-77(5) is actual work and not “implied” or constructive (as that word is used in legal sense) work is reached by a reading of the clear language of the statute in the light of recent federal legislation.
Section 25 — 4-77(5) provides in pertinent part:
“[N]o otherwise eligible individual who shall have received benefits in a preceding benefit year shall be eligible to receive benefits in a succeeding benefit year unless and until such otherwise eligible individual, subsequent to the beginning date of the preceding benefit year, shall have worked in insured employment for which work he earned wages equal to at least eight times the weekly benefit amount established for such individual in the preceding benefit year.” (Emphasis added.)
Note that the statute requires that qualifying wages received in the initial benefit year must be attributable to work performed during that benefit year. There is no question in the instant case that the claimant’s accumulated vacation and attributable vacation pay were earned in insured employment. However, that work was performed prior to his initial benefit year. During his benefit year June 18, 1973 to *500 June 17, 1974 the claimant performed no actual work for which he earned wages.
The holding in Autwell that the receipt of holiday pay may imply that some form of services were performed on the holiday is inapplicable to the instant case.
The problem faced in Autwell arose because holiday pay is generally not received on the holidays for which it is payable. The issue was whether an individual could be considered unemployed on a holiday in which he performed no actual services. The issue faced in Autwell is not faced here. There is no problem of determining when the claimant’s vacation pay was deemed payable. The claimant actually received that money during his vacation. He was denied unemployment benefits during that period not because it was found that he performed some implied services but because he was receiving compensation in excess of his unemployment compensation limits.
The Autwell case then is clearly distinguishable. On the other hand the federal legislation which affects this case addresses the specific issue here involved.
As we have often noted, our statute must be construed in harmony with appropriate federal legislation. Metcalf v. Department of Industrial Relations, supra; Holmes v. Cook, supra; Department of Industrial Relations v. Drummond, 30 Ala. App. 78, 1 So.2d 395 (1941). Under present federal law, employers may receive a federal unemployment tax credit if their state has a suitable unemployment compensation statute. 26 U.S.C.A. §§ 3301, 3302 (1967). In 1970, P.L. 91-373 amended 26 U.S.C.A. § 3304(a) (cum.supp.1978) by adding the requirement that state unemployment compensation laws, to be considered suitable, must now provide that:
“(7) an individual who has received compensation during his benefit year is required to have had work since the beginning of such year in order to qualify for compensation in his next benefit year; . . . .” 26 U.S.C.A. § 3304(a)(7).
The stated purpose of this amendment was to prevent the payment of unemployment benefits in two successive benefit years based on only one separation from employment — the so-called “double dip.” S.Rep.No.91-752, 91st Cong., 2d Sess., reprinted in 1970 U.S.Code Cong. & Admin. News, pp. 3606, 3624-25. In the instant case, the claimant seeks to qualify for benefits in a second consecutive benefit year based on only one separation from employment. Construing § 25-4-77(5) Code of Alabama (1975) together with 26 U.S.C.A. § 3304(a)(7), we find that the benefits for the second year were properly denied. As such, our holding is consistent with cases in other jurisdictions decided subsequent to the passage of P.L. 91-373 which have construed statutes similar to our own. See Olenz v. Cleary, 19 Ill.App.3d 946, 312 N.E.2d 385 (1974) (lay-off allowance); Gibson v. Doyle, La.App., 307 So.2d 679 (1975) (pension benefits); Morrison v. Swift & Co., 295 Minn. 578, 205 N.W.2d 328 (1973) (lump sum severance pay); Gluck v. Employment Sec. Dept., 84 Wash.2d 316, 525 P.2d 768 (1974) (wages earned prior to initial benefit year). In each of these cases, the claimant was seeking to qualify for unemployment benefits in a second consecutive benefit year without performing intervening work, but relying upon compensation he earned during the initial benefit year. In each case, benefits were denied on the grounds that the compensation received was not for intervening work or services required by statute for requalification for a second benefit year.
Because the vacation pay received was not derived as wages for work performed in the base period, the judgment of the circuit court is reversed and the decision of the Board of Appeals for the Department of Industrial Relations denying benefits to the claimant for the benefit year beginning June 18, 1974 is hereby reinstated.
REVERSED AND RENDERED.
BRADLEY and HOLMES, JJ., concur.