This is an unemployment compensation case. Employer appeals from the trial court's award of benefits to the claimant for the week beginning December 29, 1974 and ending January 4, 1975. We reverse.
The claimant worked at employer's Albertville plant. She was subject to a collective bargaining agreement entered into by employer and the Amalgamated Clothing Workers of America. This agreement contained the following language concerning vacations:
 "(i) The summer vacation period, which shall be such consecutive two-week period between July 1st and August 30th as the Employer shall designate, and,
 "(ii) The winter vacation period, which shall be a one week period during the last two weeks in December in each year. . . . (Emphasis added).
 "In the event that a paid holiday falls within either vacation period, employees entitled to holiday pay shall be entitled to such holiday pay in addition to the vacation pay hereinafter provided. (R. 68).
 "(1) Time of Payment: Vacation pay shall be paid on the payday immediately preceding the vacation period." (R. 69). *Page 1014 
Several months in advance the employer notified its employees that the "winter vacation period" was to begin on December 25 and end December 31, 1974. Sometime thereafter, the employer decided to close its Albertville plant for the entire two-week period beginning December 23 and ending January 5. On Friday December 20, the last payday before the vacation period, claimant received a paycheck. This check included claimant's pay for the winter vacation period and holiday pay for Christmas and New Years. Claimant was paid twice for Christmas day since it fell during the vacation period. Claimant was not paid for December 23 and 24, and January 2 and 3, the four days during which the plant was closed before and after the winter vacation and New Years holiday.
Claimant first sought unemployment compensation for the entire two payroll weeks ending December 29, 1974 and January 5, 1975. The Unemployment Compensation Agency denied benefits on the ground that the vacation and holiday pay received by claimant for the two weeks in question exceeded the "weekly benefit amount" as provided in § 25-4-72, Code of Alabama (1975). This result was computed as follows: Claimant received four days' pay (three vacation days plus Christmas day twice) for the first week totaling $81.58. Her check also included three days' pay for the second week, $60.70 (two vacation days plus New Years day). Each of these amounts exceeded claimant's weekly benefit amount of $53.
After administrative hearings, claimant appealed to circuit court where she was awarded a full week's compensation benefits for the second week of the plant shutdown. In its decree, the court said that the employer should not be allowed to have one week of vacation fall into two different calendar weeks, thus depriving the claimant of a week of unemployment compensation. The court stated that claimant should have received vacation pay during the first week and unemployment compensation during the second week in which the plant was not operating. We think the trial court erred in its ruling and therefore must reverse and render judgment for the employer.
It is generally held that the employer has absolute discretion in scheduling vacations, limited only to the extent that this right is expressly restricted by the applicable collective bargaining agreement. Darling v. Electric Auto-LiteCo., 4 Wis.2d 345, 90 N.W.2d 597 (1958). In the present case, the only limitation upon the employer's right to schedule a winter vacation is that it "be a one-week period during the last two weeks in December."
The claimant argues that the issue is not whether the employer can schedule a one-week vacation beginning in the middle of a calendar week but instead whether the employer can designate a one-week vacation to fall within a two-week shutdown in such a manner that employees may lose otherwise compensable unemployment benefits. Claimant cites authority from other jurisdictions for the proposition that vacation pay should be attributed to the week or weeks immediately following receipt of the pay. Parker v. Board of Review, 196 Pa. Super. 344, 174 A.2d 664 (1961); Bradshaw v. California EmploymentStabilization Commission, 46 Cal.2d 608, 297 P.2d 970 (1956);Kelly v. Administrator, Unemployment Compensation,136 Conn. 482, 72 A.2d 54 (1950); Hubbard v. Michigan, 328 Mich. 444,44 N.W.2d 4 (1950); Grobe v. Board of Review, 409 Ill. 576,101 N.E.2d 95 (1951). These cases cited by claimant deal with various aspects of vacation pay, severance pay, and bonus pay. However, none can be said to stand for the proposition argued by claimant; i.e., that vacation pay must be attributed to the time immediately after receipt. Some of those cases place reliance upon the employment contract as determinative of when the pay is attributable. In the present case, there seems to be no contract provision governing. There is a section in the collective bargaining agreement before us that provides when vacation pay is actually to be paid; that is the payday immediately preceding the vacation period, which was Friday, December 20. However, this does not solve the problem of what days or weeks the pay should be attributed to. *Page 1015 
Our court has held that holiday pay received by employees is paid "with respect to the week in which the holiday occurs" for purposes of the unemployment compensation statute providing that an individual is totally unemployed when he receives no wages or performs no services for a particular week. § 25-4-71, Code of Alabama (1975); Autwell v. State Department ofIndustrial Relations, 47 Ala. App. 8, 249 So.2d 625 (1971).
We think the principle set down in Autwell should govern the present situation also. Our cases have held, as have those of most jurisdictions, that the receipt of vacation pay for a specified time will serve to disqualify a claimant from receiving unemployment compensation for that same period of time. Speagle v. United States Steel Corporation, 39 Ala. App. 559, 105 So.2d 721 (1958). See also cases annotated at 30 A.L.R.2d 366. Under Autwell, the vacation pay must be deemed earned by claimant during the week of the scheduled vacation. Since the employer scheduled the vacation to overlap into two different calendar weeks, claimant had a proportionate amount of earnings in each of the weeks. This resulted in this instance in claimant's earnings in each week exceeding her weekly benefit amount and disqualified her from receipt of any unemployment compensation for those weeks.
In analyzing the situation before us, we note that claimant would have been entitled to some days of unemployment compensation for one week of the plant's shutdown if the employer had scheduled the vacation to fall within the first calendar week of the shutdown. However, this was not the case. The employer scheduled its employees' vacation for the last seven consecutive days of December. This was one of the "last two weeks in December," though it was not a "work week" (Monday through Friday) or a Biblical or calendar week (Sunday through Saturday). It was the last seven consecutive days and thus a "week." 45 Words and Phrases 10. In 1974, as in most years, the last two calendar weeks of December did not begin either on a Monday or a Sunday. We consider that the employer scheduled the vacation within the terms of the agreement. If such vacation, together with attendant paid holidays, came within a period of plant shutdown and resulted in a loss of unemployment compensation by the claimant to which she might have been entitled had the employer been required to act otherwise is not a matter for redress here. It would appear to be properly addressed by future collective bargaining. There is some indication in the record that the Christmas vacation had been scheduled in the same manner in two previous years.
It is well to keep in mind the purpose of the unemployment compensation law. That purpose being to provide a worker with funds to avoid a period of destitution after having involuntarily lost his employment and thus his income. It aids in sustaining him while he looks for other employment. It is limited in time and amount. It is not a gratuity. Holmes v.Cook, 45 Ala. App. 688, 236 So.2d 352 (1970).
The trial court having misapplied the law to the facts, its judgment must be reversed, and judgment rendered for the employer.
REVERSED AND RENDERED.
BRADLEY and HOLMES, JJ., concur.