TEXAS EMPLOYMENT COMMISSION, Appellant,

v.

Maria M. BRIONES et al., Appellees.

No. 5446.

Court of Civil Appeals of Texas, Eastland.

July 3, 1980.

Rehearing Denied July 24, 1980.

Mark White, Atty. Gen., Marilynn Bailey, Asst. Atty. Gen., Austin, for appellant.

Frank Herrera, Jr., Hardberger & Herrera, Inc., San Antonio, for appellees.

RALEIGH BROWN, Justice.

Maria M. Briones and two hundred thirteen other claimants brought this suit pursuant to Tex.Rev.Civ.Stat.Ann. art. 5221b-1 (1971) as an appeal from an administrative determination by the Texas Employment Commission which awarded unemployment benefits to them at a reduced rate because of payments made by their employer for holidays. The trial court set aside the Commissioner's decision and rendered judgment for full unemployment benefits for claimants. The Commission appeals. We reverse and render, affirming the decision of the Texas Employment Commission.

The two hundred fourteen claimants were employees of Friedrich Refrigerators, Inc. On December 17, 1975, Friedrich issued notice to its employees that the normal operations at the plant would be shut down for two weeks. The last day of work was Friday, December 19, and operations resumed January 5, 1976. At the time, the employment contracts between Friedrich and the International Union of Electrical, Radio and Machine Workers, AFL–CIO, to which all claimants belonged, provided for holiday pay for nine holidays to employees who had completed a probationary period and worked, unless excused, the day preceding and following the holiday. The nine specified holidays included Christmas Eve, Christmas Day, New Year's Eve and New Year's Day. Claimants receive holiday pay for Christmas Eve and Christmas Day in their paychecks issued December 19 and received holiday pay for New Year's Eve and New Year's Day in their paychecks issued January 9, 1976.

Briones et al. filed claims for unemployment benefits for the two weeks layoff period. The Texas Employment Commission determined that the holiday pay received by claimants was wages for the two week period and would be deducted from benefits otherwise due, in accordance with Section 3(c) of the Texas Unemployment Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 5221b–1(c) (1971).

The Commission presents three points of error contending that the trial court erred as a matter of law in concluding (1) that holiday pay received by an employee during a temporary shutdown of an employer's operation was not "wages" within the meaning of the Texas Unemployment Compensation Act; (2) that holiday pay is not attributable to the week in which the holiday occurred; and (3) erred in setting aside the decision of the Texas Employment Commission.

The thrust of the claimant's position is that to be eligible for holiday pay, the union contract required employees to report to work the day before and the day after the holiday. By failing to so report, an employee lost his right to holiday pay. Since the employees could not report to work on such days because the plant was shut down, Friedrich was not obligated to pay the holiday pay and thus any such payment was a mere gratuity, not wages. Additionally, and in the alternative, claimants contend that the payment, if wages, is compensation for reporting to work the day before and after the holiday and therefore is attributable to the day the specified services were performed, not the day upon which the holiday occurred. Their basic contention is that they were totally unemployed during the two-week layoff. Under Section 1(b) of the Texas Unemployment Compensation Act, an eligible individual who is totally unemployed during a benefit period shall receive his full benefit rate as computed based on the formula set out in that provision. However, an eligible individual who is partially unemployed has his

benefits rate computed under Section 1(c) which provides:

> (c) Benefit for Partial Unemployment: Each eligible individual who is partially unemployed in any benefit period shall be paid with respect to such benefit period a partial benefit, provided that such individual shall meet the requirements of subsection 4(a) of this Act. Such partial benefit shall be the benefit amount plus (i) Five Dollars ($5), or (ii) twenty-five percent (25%) of the benefit amount, whichever of (i) or (ii) is greater, *less the wages earned during such benefit period* provided that if the result of such computation is not an even multiple of One Dollar ($1), it shall be adjusted to the next higher multiple of One Dollar ($1). (Emphasis added).

"Total unemployment" is defined in Section 17(*l*), as follows:

> (*l*) "Total unemployment": An individual shall be deemed "totally unemployed" in any benefit period during which he performs no services *and with respect to which no wages are payable to him.* (Emphasis added).

The Commission contends that the holiday pay was wages for the purpose of determining whether the claimants were partially unemployed under the provisions of the Unemployment Compensation Act. Section 17(n) of the Act defines "wages" as "all remuneration paid for personal service, including the cash value of all remuneration paid in any medium other than cash." A number of specific items which are not to be regarded as wages follow the basic definition, but there is no mention of holiday pay. We find no Texas case on point, however, it appears that the majority of other jurisdictions have concluded that holiday pay is wages. *Autwell v. State Department of Industrial Relations*, 249 So.2d 625 (Ala. Civ.App.1977); *Weyerhaeuser Timber Company v. State Unemployment Compensation Commission*, 217 Or. 378, 342 P.2d 114 (1959); *Geremia v. Administrator, Unemployment Compensation Act*, 146 Conn. 264, 150 A.2d 203 (1959); *Di Micele v. General Motors Corp.*, 29 N.J. 427, 149 A.2d 223 (1959); *In re Weyerhaeuser Timber Company*, 53 Wash.2d 235, 332 P.2d 947 (1958); *Erickson v. General Motors Corporation, Buick-Oldsmobile-Pontiac Division, Kansas City, Kansas*, 177 Kan. 90, 276 P.2d 377 (1954); *Draus v. Board of Review, Division of Employment Security, Department of Labor & Industry*, 13 N.J.Super. 231, 80 A.2d 316 (1951); *General Motors Corp. v. Michigan Unemployment Compensation Commission*, 331 Mich. 303, 49 N.W.2d 305 (1951). We believe Texas should apply the majority view.

The Alabama and Washington statutes, like the Texas statute, defined "wages" as all remuneration for personal services or employment, including the cash value of all remuneration paid in mediums other than cash. Both statutes defined an unemployed individual as one who performed no service during a period and to whom no wages were payable with respect to that period.

The claimants in *Autwell* and *In re Weyerhaeuser Timber Company*, supra, were laid off temporarily for periods of time that included holidays. They received holiday pay pursuant to a contract providing for such pay without services being rendered on such days. The Washington and Alabama courts decided that the holiday pay received, as provided by the union contract, was wages within the statutory definitions.

The Washington Supreme Court, in *In re Weyerhaeuser Timber Company*, supra also concluded that holiday pay is paid with respect to the particular day on which the holiday occurs. The court said:

> It is only by a strained construction of the contract between the claimants and their employer that it can be said that holiday pay is payable with respect to some day other than the holiday.

Obviously, it follows that the holiday pay must be attributed to the week in which the holiday falls, therefore, claimants in the instant case were only "partially unemployed" as that term is defined Section 17(j):

> (j) "Partial unemployment": An individual shall be deemed "partially unem-

ployed" in any benefit period of less than fulltime work *if his wages payable for such benefit period* are less than the benefit amount he would be entitled to receive if he had performed no services during such period and if with respect to such benefit period no wages were payable to him, plus (i) Five Dollars ($5), or plus (ii) twenty-five per cent (25%) of such benefit amount, whichever of (i) or (ii) is greater. (Emphasis added).

We hold the trial court erred in setting aside the decision of the Texas Employment Commission that holiday pay constituted wages with respect to the week in which the holiday falls.

The judgment of the trial court is reversed and judgment rendered that the decision of the Texas Employment Commission be affirmed.