

# The Attorney General of Texas

February 3, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Thomas B. Sehon      Opinion No. MW-438
District Attorney
Falls County Courthouse      Re:  County holidays
Marlin, Texas   76661

Dear Mr. Sehon:

You ask a series of questions regarding the authority of the county commissioners court to declare official county holidays. You first ask whether the county commissioners court has the sole authority under articles 2372h-1 and 3912k, V.T.C.S., to designate official county holidays. Article 2372h-1, V.T.C.S., sets forth:

> In each county of this State, each elected county officer or the Commissioners Court, as the case may be, shall have authority to provide for vacations, holidays fixed by State law, and sick leaves, without deduction or loss of pay, and to provide for deductions for absences, for the employees working under the elected county officer or his appointees or under the Commissioners Court or its appointees or under a County Commissioner or his appointees, regardless of whether the employee is paid on a fixed salary basis or on the basis of an hourly or daily wage. Nothing in this Act shall affect existing laws authorizing or regulating vacations, holidays, sick leave and absences for county employees, it being the intention of this Act only to provide such authority with respect to the employees covered by this Act in counties where it does not now exist. (Emphasis added).

Arguably, this provision authorizes each county officer to provide for "holidays fixed by State law" for his own employees. See also Attorney General Opinions O-1876 (1940); O-1441 (1939). Article 3912k, section 1, V.T.C.S., provides that:

> Except as otherwise provided by this Act and subject to the limitations of this Act, the commissioners court of each county shall fix the amount of compensation, office expense, travel

> expense, and all other allowances for county and precinct officials and employees who are paid wholly from county funds, but in no event shall such salaries be set lower than they exist at the effective date of this Act.    (Emphasis added).

This office has already concluded that sick leave benefits fall within the ambit of the phrase "...compensation... and all other allowances...," Attorney General Opinions H-860, H-797 (1976), as does vacation entitlement, Attorney General Opinion MW-136 (1980).   We conclude that entitlement to holidays is also a form of "compensation" or other allowance within article 3912k, section 1.   See Texas Employment Commission v. Briones, 601 S.W.2d 818, 819 (Tex. Civ. App. - Eastland 1980, writ ref'd n.r.e.) (holiday pay constitutes "wages" for purposes of determining claimant eligibility under the Unemployment Compensation Act).

The two articles appear then to be in partial conflict.   One statute, article 2372h-1, V.T.C.S., purports to authorize elected county officers and the commissioners court to provide for holidays fixed by State law.   The other, article 3912k, V.T.C.S., reposes such authority solely in the county commissioners court.   If possible, the two statutes should be construed together.   See Renfro v. Shropshire, 566 S.W.2d 688 (Tex. Civ. App. - Eastland 1978, writ ref'd n.r.e.) (construing together articles 3902 and 3912k, V.T.C.S.).   The later statute however, the one more recently enacted, contains a repealer clause which provides that "[t]o the extent that any local, special, or general law, including acts of the 62nd Legislature, Regular Session, 1971, prescribes the compensation, office expense, travel expense, or any other allowance for any official or employee covered by this Act, that law is repealed."   V.T.C.S. art. 3912k, §8.   We conclude that the repealing clause acts to strip county officials, other than the county commissioners court, of the authority to provide for paid holidays under article 2372h-1, V.T.C.S.   See Attorney General Opinion H-697 (1975).

Your remaining questions concern whether, in the event that the other county officials are without the authority to designate holidays for their employees, the county commissioners court has the authority to provide for deductions from salary or wages of those officials and employees who were absent.   In our opinion the commissioners court has authority under article 3912k to provide for "deductions for absences."   See generally Attorney General Opinions H-860, H-797 (1976); H-402 (1974).

## S U M M A R Y

The sole authority to provide for paid holidays for county officials and employees rests

with the county commissioners court. The court may provide for deductions from salary or wages in the event of an unauthorized absence.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Edward Garvey
Rick Gilpin
Jim Moellinger
Bruce Youngblood