NEEDHAM PACKING COMPANY, d/b/a SIOUX CITY DRESSED BEEF, INC., appellee, v. IOWA EMPLOYMENT SECURITY COMMISSION et al., appellants.

No. 51001.

(Reported in 123 N.W.2d 1)

JULY 16, 1963.

Don G. Allen, of Des Moines, and Harry H. Smith, of Sioux City, for appellants.

Shull, Marshall, Mayne, Marks & Vizintos, of Sioux City, for appellee.

HAYS, J.—Equity action to enjoin the Iowa Employment Security Commission from paying compensation benefits to defendant Perry Richmond and others, as provided by section 96.5(1) as amended by chapter 112, section 3(3)(g), Acts 58th G. A., effective July 4, 1959. The appeal is from a judgment on the pleadings but is primarily based upon a ruling upon law points under rule 105, Rules of Civil Procedure. The case rests entirely upon the pleadings.

There is no dispute as to the pleaded facts. Defendant Richmond and 190 other persons were employees of the plaintiff-company. On May 11, 1961, they voluntarily left such employment and sometime between such date and July 4, 1961, filed claims with the Iowa Employment Security Commission for compensation benefits. In November 1961 the Commission held claimants voluntarily left their work without good cause attributable to their employer and were disqualified from receiving benefits unless individual claimants fall within exceptions set out in section 96.5 of the Code and amendments thereto. This

holding of the Commission was affirmed by the district court on July 20, 1962, and no appeal was taken.

The Commission has announced an intention to pay claimants in accord with the provisions of section 96.5 as amended by chapter 112, section 3(3)(g), Acts 58th G. A., which became effective July 4, 1959. This amendment provided as follows: Section 96.5:

"An individual shall be disqualified for benefits:

"1. Voluntarily quitting. If he left his work voluntarily without good cause attributable to his employer, if so found by the commission. But he shall not be disqualified if the commission finds that: * * *

"(g) He has been laid off from his most recent employing unit * * * and previous to this layoff he left work voluntarily, such voluntary leaving shall not be disqualifying if it occurred any time before ninety (90) days previous to the date he files a claim for benefits. The premature filing of a claim for benefits shall not be disqualifying after said ninety (90) day period."

The Fifty-ninth General Assembly, by chapter 84, repealed above quoted division (g) of section 96.5(1) and enacted in its stead the following:

"(g) However, an individual who has left his employment without good cause attributable to his employer * * * shall forfeit only those credits acquired by him during that period of employment that was quit." This became effective July 4, 1961, and is in effect today. It is plaintiff's contention that under section 96.5(1)(g) as it is now and was on July 4, 1961, claimants are not entitled to benefits to be charged against its credit fund and asks that the payments by the Commission be enjoined. The trial court granted the relief prayed and defendant Richmond has appealed.

The point of law presented is as to which amendment is applicable to the present situation. Is it the one in effect at the time the claim was filed or the one at the time the Commission intends to act thereon? While reams have been and could be written as to when a statute is to be considered as retrospective or prospective the answer is found in the intention of the legislature as expressed or as implied from what it has said thereon.

Section 4.1, Code of Iowa, states:

"In the construction of the statutes, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the general assembly, or repugnant to the context of the statute:

"1. *Repeal—effect of.* The repeal of a statute does not revive a statute previously repealed, nor affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed."

██  We think the intent of the legislature in the enactment of chapter 96, Code, Iowa Employment Security Law, was to ease the burden of *involuntary unemployment* by the creation of unemployment reserves to be used for the benefit of persons *unemployed through no fault of their own.* By section 96.5(1) persons who left their employment without good cause were disqualified for benefits. This provision was held not inconsistent with the announced purpose of the law, section 96.2. Spence v. Iowa Employment Security Commission, 249 Iowa 154, 86 N.W.2d 154. A disqualification under section 96.5(1) constituted a complete bar to anyone receiving benefits, it meant a complete loss of all credits built up by the employee even though under different employers. By the enactment of chapter 112, section 3(3)(g), Acts 58th G. A., as interpreted by the Commission, one who voluntarily quit without good cause lost no benefits or credits thereby, if he was employed, subsequent to the voluntary quitting, and laid off from such last employment. He however had to wait a 90-day period before he could draw such benefits. Except for such 90-day wait, the employee who voluntarily quit without good cause stood in exactly the same position as to benefits as did the one who was unemployed through no fault of his own. By the enactment of chapter 84, Acts 59th G. A., the legislature provided that the unemployed person was entitled to credits for all employment from which he did not voluntarily quit but would receive none for such employment from which he voluntarily quit.

Appellants contend that having filed claims for benefits prior to July 4, 1961, they had a proceeding commenced which,

under the general rule of statutory construction as announced in section 4.1(1), Code of Iowa, survived the repeal of the statute upon which it is based. As is stated in section 4.1, Code of Iowa, it is the manifest intent of the legislature that determines whether a statute amending or repealing another statute is to apply only to the future or is to affect matters pending at the time of its enactment.

■■ All parties are agreed that whatever rights appellants have, to receive unemployment benefits, are based solely upon and arise out of chapter 96, Code of Iowa, and amendments thereto. No common-law or contractual relationship is involved. In such a situation the law is well settled that, so far as any constitutional question is involved, no vested rights exist and the legislature may amend, modify or repeal such legislation at will. If such repealing statute contains no saving clause, ordinarily it acts retrospectively and the rights of the holders are lost. 16 C. J. S., Constitutional Law, section 254; Kemp v. Day & Zimmerman, Inc., 239 Iowa 829, 33 N.W.2d 569. Appellants concede this rule but say that while the legislature could cut off such rights by the enactment of chapter 84, Acts 59th G. A., it did not do so.

■■ As above stated whether it did or did not cut off such rights is a question of intent. The case of In re Incorporation of Town of Avon Lake, 249 Iowa 1112, 88 N.W.2d 784, is in many respects similar to the instant case. Therein we outlined and used a certain method in arriving at such intent. It was: the courts will look, first, at the language of the Act; second, they will consider the evil to be remedied; and third, whether there was a previously existing statute governing or limiting the mischief which the new Act is intended to remedy. Applying this rule to all the pleaded facts in the case, we think it clear that the legislature intended chapter 84, Acts 59th G. A., to be retrospective.

The trial court was clearly correct in its ruling under rule 105, R. C. P., and from that it followed that the judgment on the pleadings was correct.—Affirmed.

All JUSTICES concur.