[No. 42942.    En Banc.    August 22, 1974.]

DANIEL L. GLUCK et al., Respondents, v. THE EMPLOYMENT SECURITY DEPARTMENT, Appellant.

*Slade Gorton, Attorney General,* and *Joseph M. Little-more, Assistant,* for appellant.

*Steve Fredrickson,* of *Legal Services Center* (Seattle), for respondents.

BRACHTENBACH, J.—This case involves eligibility for unemployment compensation benefits. Some background is necessary to put the precise issue in context. A worker's unemployment compensation benefits depend on his earnings in covered employment during a period of time called the "base year." The duration of his benefits is known as his "benefit year." Before the 1970 amendments to the Employment Security Act (Laws of 1970, 1st Ex. Sess., ch. 2), a worker could exhaust benefits for one benefit year, and without intervening employment, be entitled to a second year of benefits.

To remedy this situation, commonly referred to as "the double dip," the legislature enacted the 1970 amendments. The only part which we face here is the requalification proviso which reads:

> *Provided, however,* That if the base year wages of the individual's current benefit year, for any benefit year beginning after July 3, 1971, include wages earned prior to the establishment of a prior benefit year, the individual shall not be eligible for benefits, unless, in addition to the other requirements of this section, he has earned wages in the last six months of his base year equal to at least six times the weekly benefit amount to which he would otherwise have been entitled . . .

RCW 50.20.010(5)(b).

Each respondent had applied for benefits prior to July 4, 1971. When their first benefit year expired, each respondent sought to establish a second benefit year based on wages earned before commencement of each initial benefit year. All respondents sought to establish this new benefit year after July 3, 1971.

Were it not for the requalification proviso, each respondent would have been eligible for benefits for a second

consecutive benefit year. The Employment Security Department, applying the requalification proviso, denied benefits. Respondents appealed to the superior court which held the proviso unconstitutional and reversed the decisions of the Commissioner of the Employment Security Department. We reverse.

The trial court held that the requalification proviso violated respondents' rights to equal protection under the fourteenth amendment to the United States Constitution and under article 1, section 12 of the state constitution. The court reasoned that there was no reasonable basis to deny benefits to petitioners merely because they sought to establish eligibility *after July 3, 1971,* while allowing benefits for a second consecutive year to those persons who established eligibility *prior to July 3, 1971.*

In analyzing this equal protection issue, we must bear in mind that we are not dealing with a suspect classification such as one based on sex, as was the case of *Hanson v. Hutt,* 83 Wn.2d 195, 517 P.2d 599 (1973), also involving unemployment compensation. Nor is there a vested right to unemployment compensation. *Needham Packing Co. v. Iowa Employment Sec. Comm'n,* 255 Iowa 437, 123 N.W.2d 1 (1963).

Consequently, the legislature is allowed a wide discretion in its selection of classes. If the classification has a reasonable basis, it is valid.

> It is recognized that classifications must be made and that in making them, dividing lines must be drawn some place. Thus, the question is not whether there is in fact some discrimination, but rather whether the discrimination is justified.

*State v. Persinger,* 62 Wn.2d 362, 368, 382 P.2d 497 (1963).

Given the premise that the legislature can structure the unemployment security scheme in any rational manner which it deems wise, it obviously had the power to adopt the requalification proviso. When it did so, it necessarily follows that those who had applied for benefits prior to the effective date were to be treated differently from those who

applied thereafter. The important thing is that *all* applying for a second benefit year *after* that date are treated alike. No matter what date the legislature chooses to implement changes in qualifications or benefits, differences in treatment will necessarily result. That some transitional device less harsh in application might be devised is not the criteria which guides us. *Aetna Life Ins. Co. v. Washington Life & Disability Ins. Guar. Ass'n*, 83 Wn.2d 523, 530, 520 P.2d 162 (1974).

Obviously the legislature had a reasonable basis for its determination that some attachment to the work force was necessary in order to qualify for a second year of benefits. To accomplish this goal, the legislature had to change the operation of the statute and, of course, provide a date upon which that change would take effect. The rules were the same for all persons who established benefits *prior* to July 3, and they are the same for all those who establish benefits *after*. We find this to be a reasonable distinction not offending the equal protection clause.

Respondents urge that the requalification proviso violates the equal protection clause in another manner which was not relied upon by the trial court. They reason that two individuals may both have the same amount of base year wages but will be treated differently depending on whether they are seeking to establish an initial benefit year or a second benefit year. That is true from a plain reading of the statute. However, the same principles discussed above are pertinent. We can conceive of facts which justify different treatment for those establishing an initial benefit year and those seeking a second year of benefits. The requirement of some minimal involvement in the work force does not strike us as arbitrary or unreasonable. *State v. Persinger, supra* at 368. Again, the fact that the legislature might have chosen some less harsh distinction is a matter solely within legislative discretion. Any time the legislature sets up minimum qualifications such as length of prior employment or minimum wages needed in the base year, it necessarily

includes some and excludes others. It can do so because the equal protection clause "does not require identical treatment for all without recognition of difference in relevant circumstances." *Aetna Life Ins. Co. v. Washington Life & Disability Ins. Guar. Ass'n, supra* at 529.

The judgment of the trial court is reversed and the decisions of the Commissioner of the Employment Security Department are reinstated.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and UTTER, JJ., concur.