Larry BEAM, Joseph Hesse, Katherine Miller, Lynn Meyers, Emmett Binns, Carol Mintle, Carol Garr, Mary Van Heiden, Casandra Banwell, Robert Sanders, Leo Duggan, Eddie Davison, Gary Marshall, and Jeffrey Orlich, Appellants,

v.

IOWA EMPLOYMENT SECURITY COMMISSION, n/k/a Iowa Department of Job Service, and the Maytag Company, Appellees.

No. 2–59350.

Supreme Court of Iowa.

April 19, 1978.

Lee Gaudineer, Jr., of Austin, Myers, Peterson & Gaudineer, Des Moines, for appellants.

Walter F. Maley and Blair H. Dewey, Des Moines, for appellee, Iowa Employment Security Commission, n/k/a Iowa Department of Job Service.

James J. Rogers and James R. Swanger, of Rogers & Phillips, Des Moines, and D. C. Byers, Newton, for appellee The Maytag Co.

Considered by MOORE, C. J., and RAWLINGS, LeGRAND, REES and HARRIS, JJ.

RAWLINGS, Justice.

Claimants appeal from district court's affirming review of agency determination that they were not entitled to unemployment benefits during a vacation-related plant shutdown. We dismiss the appeal as moot.

August 13, 1971, Maytag Company plants in Newton and Hampton completely closed down for two weeks vacation. This closure was effected pursuant to a collective bargaining agreement between Maytag and its employees represented by United Auto Workers Local 997.

The fourteen plaintiffs (claimants), Maytag employees who were not entitled to paid vacation, applied to defendant Iowa Employment Security Commission (Commission) for unemployment compensation. Over Maytag's written protest, benefits for the second week were granted each claimant by a claims deputy. Maytag then appealed pursuant to Section 96.6(2), The Code 1971.

In course of ensuing proceedings before a Commission hearing officer, Maytag contended claimants were ineligible for benefits because they left work voluntarily. The company also asserted claimants were unavailable for work and did not actively seek employment during the vacation period as required by § 96.4(3), which at the time provided:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if the commission finds that:

" *    *    *

"3. He is able to work, is available for work, and is earnestly and actively seeking work."

The hearing officer affirmed the claims deputy's decision and in so doing held that as temporarily unemployed persons, claimants had satisfied the availability and work search requirements. However, he declared consideration of claimants' motion-[1] based constitutional attack on § 96.4(4)'s one week waiting period and their attendant benefits prayer for the first vacation week. Both sides appealed to the Commission.

It too found absence of authority to determine validity of § 96.4(4), but reversed the second week benefits allowance decision because in its opinion claimants had clearly made no effort to satisfy the work search requirement. Commission also noted claimants probably could be disqualified as "voluntary quits" under § 96.5(1)(g), an issue not addressed by the hearing officer though raised by Maytag.

Thereupon claimants commenced the present action under § 96.6(9) for judicial review of Commission's decision. Claimants basically alleged Commission acted in excess of its powers and contrary to federal law by (1) holding claimants were ineligible for benefits, and (2) failing to invalidate the statutory one week waiting period. Joined therewith were petitions for declaratory judgment and writ of certiorari, requesting the court via the former to declare § 96.4(4) unconstitutional.

As noted above, district court affirmed Commission's decision. Claimants timely sought review by this court. Maytag has not participated in this appeal. Because of mootness a recitation of substantive issues here raised will serve no useful purpose.

I. District court affirmed Commission's decision without reaching substantive issues previously voiced by Maytag and decided by the agency. Holding first that the § 96.4(4) waiting period was constitutional, the court

then deemed resolution of such issues unnecessary because no further justiciable controversy existed.

This stand was premised on claimants' acknowledged receipt of their second week benefits and this "double affirmance clause" in § 96.6(2):

"If an appeal [from a claim deputy's decision] is duly filed, benefits with respect to the period prior to the final determination of the commission, shall be paid only after such determination; provided, that *if an appeal tribunal affirms a decision of a deputy,* or the commission affirms a decision of an appeal tribunal, *allowing benefits, such benefits shall be paid regardless of any appeal which may thereafter be taken * * *."* (emphasis supplied).

Elucidative of § 96.6(2)'s purpose are these recent statements in *Galvin v. Iowa Beef Processors, Inc.,* 261 N.W.2d 701, 703 (Iowa 1978):

"It is clear from § 96.6(2) that recoupment of improperly paid benefits is not mandated in *all* cases. That section provides for judicial review but prohibits charging an employer's account with benefits already paid if the award is reversed. Implicit in this is the conclusion the benefits wrongfully paid are not recoverable."

Consistent therewith district court by post-trial judgment modification specifically held claimants were not required to forfeit second week benefits. Further in this regard, the record as clarified by Commission during oral argument discloses no overpayments have been or will be established, thereby preventing deduction of the second week benefits from any future benefits due these claimants.[2]

---

1. Timeliness of which, though questioned below by Maytag, is not before us on appeal and we express no opinion thereon.

2. At least for the purpose of determining whether a justiciable controversy continues to exist, professional representations by the Commission through its counsel may be considered by this court. *DeFunis v. Odegaard,* 416 U.S. 312, 315–319, 94 S.Ct. 1704, 1705–1706, 40

L.Ed.2d 164 (1974). Therefore, we need not today decide whether § 96.6(2) precludes such overpayment charges, an issue the Commission, at least before *Galvin,* considered unresolved. *As to these claimants,* the Commission has irrevocably abandoned any attempt to recover benefits erroneously paid.

Consequently, Commission's decision, affirmed by district court, that claimants were not entitled to benefits during the second vacation week did not financially disadvantage them. Neither would an affirmance by this court work to their monetary detriment.

In like vein, no reversal or modification presently sought could operate to award claimants additional benefits. At best, claimants might obtain additional unemployment compensation only if this court were to hold § 96.4(4)'s one week waiting period unconstitutional. But claimants do not here challenge that portion of the lower court's decision. Thus, district court's constitutional approval of § 96.4(4) stands as law of the case, precluding any further monetary gain to claimants.

In light of the foregoing it is evident claimants' action is moot. District court recognized this and claimants now virtually concede it. Simply stated, claimants wanted unemployment benefits. When the claims deputy's allowance decision was affirmed by the hearing officer, claimants received those benefits absent any risk of forfeiture. An opinion now on the many complex issues raised by claimants would be of no practical force or legal effect upon either party; the basic issues here raised are now academic or nonexistent.

II. Nevertheless, claimants argue, absence of possible financial gain is outweighed by substantial public interest which merits appellate consideration of these issues. It is relatedly argued they will arise again in the context of collectively bargained vacation shutdowns at Maytag or elsewhere.

■ In this regard, it is noted an appeal presenting issues otherwise moot will not ordinarily be dismissed when there exists substantial public interest in their resolution. See *Virginia Manor, Inc. v. City of Sioux City*, 261 N.W.2d 510, 514 (Iowa 1978), and citations. Concededly, the issues raised by claimants are of a public nature, have constitutional implications, and may recur, normally making an authoritative adjudication desirable.

On the other hand, several relevant statutes have been significantly amended since issuance of Commission's challenged ruling. Specifically, § 96.4 was amended in 1975 to waive the subsection one work registration and subsection three work availability and search requirements for those applicants deemed temporarily unemployed as defined in § 96.19(10)(c), also added in 1975. See Ch. 67, § 10, and Ch. 92, §§ 4, 33, 1975 Regular Session of the Sixty-Sixth General Assembly. And § 96.19(10)(c) includes an individual who is "temporarily unemployed * * * due to a plant shutdown [or] vacation". See also § 96.5(7)(d), added by Ch. 1068, § 9, 1976 Regular Session of the Sixty-Sixth General Assembly. Parenthetically, the § 96.4(4) one week waiting period has also been excised. 1976 Regular Session of the Sixty-Sixth General Assembly, Ch. 1068, § 5.

Without expressing an opinion on the merits, it is at once apparent these changes substantially affect many of the issues raised by claimants, including the threshold question as to whether vacation shutdowns pursuant to a collective bargaining agreement place persons such as claimants in a "voluntarily unemployed" status. Obviously, no public interest would be served by deciding issues which have been substantially affected by new legislation. See generally Annot., 44 L.Ed.2d 745, 758.

In summary, claimants offer no sound basis for adjudication of issues which are clearly moot. Phrased otherwise, no justiciable controversy is here presented.

APPEAL DISMISSED AS MOOT.