Ronald T. REICHL, Appellee,

v.

IOWA DEPARTMENT OF JOB
SERVICE and Ley Motor
Company, Appellants.

No. 68542.

Supreme Court of Iowa.

May 18, 1983.

Walter F. Maley, Blair H. Dewey and Edmund Schlak, Jr., Des Moines, for appellant Iowa Dept. of Job Service.

Jonathan Wallach and Patricia R. La-Pointe, Mason City, of Legal Services Corp. of Iowa, for appellee.

Considered by HARRIS, P.J., and McCORMICK, SCHULTZ, CARTER, and WOLLE, JJ.

CARTER, Justice.

The district court judgment from which this appeal is taken reverses an agency order for repayment of sums the agency determined had been overpaid to petitioner Ronald T. Reichl as unemployment benefits. The basis for the order of repayment was an agency determination, made on November 17, 1980, more than twenty-seven weeks after payment of unemployment compensation had been initiated, that petitioner should be disqualified for refusing suitable work on April 23, 1980. The resulting period of disqualification was determined to be twenty-seven weeks, and the benefit overpayment was calculated by the agency to be $2877.98.

The issues which this appeal presents do not relate to the merits of the agency's November 17, 1980 determination of petitioner's disqualification for benefits, the length of such disqualification, or the amount of overpayment. The only issue presented is whether under the applicable statutes and agency rules, petitioner may be required to pay back the amount of unemployment compensation paid to him after the date of his refusal to accept suitable employment. The district court deter-

mined that on the facts of the present case, he may not be required to repay these benefits; we agree and affirm the district court's judgment.

Petitioner was employed by Ley Motor Co. as a mechanic from September 28, 1977, to April 18, 1980, when he was discharged for alleged misconduct because he forgot to replace the oil filter in a car. On April 22, 1980, Ley Motor Co. offered petitioner another job, commencing April 23, 1980, on the condition that he undergo a 60-day probationary period during which he could be dismissed without notice if his work was not satisfactory. Petitioner declined this job offer and filed for unemployment compensation.

Ley Motor Co. was notified of petitioner's claim and responded to the agency on April 28, 1980, both by letter and by returning Job Service form 201A. In the letter Ley Motor Co. set forth the facts claimed to constitute misconduct, and also noted that petitioner had refused to accept its offer of employment commencing April 23, 1980. Also, on form 201A, which provides boxes for the employer to check as to the reasons, if any, for protesting the claim, the employer marked both the "misconduct" box and the "refused suitable work" box.

I. *Prior Proceedings Before the Agency.*

Subsequent to the agency receiving the letter and form 201A from petitioner's employer, a claims deputy, on May 14, 1980, made the following written decision:

On 4–18–80 you were discharged on an allegation of misconduct. However, you deny any willful or deliberate misconduct in connection with your work as alleged by the employer. Therefore, it is held misconduct has not been established and no disqualification is imposed

It is to be noted that no consideration was given in this decision to the employer's protest based on the alleged refusal of petitioner to accept suitable work. The employer appealed the decision of the claims deputy, and on June 25, 1980, an agency hearing officer concluded that misconduct had not been established, gave no consideration to

the issue involving refusal of suitable work, and made the following order: "Claimant is eligible for benefits effective 4/20/80, provided he is otherwise qualified. The deputy's decision of 5/14/80 is affirmed."

The employer appealed the decision of the hearing examiner to the agency appeal board. The appeal board affirmed the hearing officer's decision on misconduct but directed that the claim be returned to a claims deputy for consideration of the employer's protest based on the alleged failure to accept suitable work. This ultimately led to the consideration of that issue by a claims deputy and the November 17, 1980 decision of disqualification.

II. *Application of Iowa Code Section 96.6(2) (1979).*

The district court held that any right of the agency to recover benefits paid to petitioner following the May 14, 1980 decision of the claims deputy and the June 25, 1980 decision of the hearing examiner is proscribed by Iowa Code section 96.6(2) (1979) and the agency's own rules contained in Iowa Administrative Code 370–3.43. Section 96.6(2) provides:

A representative designated by the director shall promptly notify all interested parties to the claim of the filing thereof, and said parties shall have seven days from the date of mailing the notice of the filing of said claim by ordinary mail to the last known address to protest payment of benefits to said claimant. The representative shall promptly examine the claim and any protest thereto and, on the basis of the facts found by the representative, shall determine whether or not such claim is valid, the week with respect to which benefits shall commence, the weekly benefit amount payable and the maximum duration thereof, and whether any disqualification shall be imposed. Unless the claimant or other interested party, after notification or within ten calendar days after such notification was mailed to the claimant's last known address, files an appeal from such decision, such decision shall be final and benefits

shall be paid or denied in accordance therewith. *If a hearing officer affirms a decision of the representative, or the appeal board affirms a decision of the hearing officer, allowing benefits, such benefits shall be paid regardless of any appeal which may thereafter be taken, but if such decision is finally reversed, no employer's account shall be charged with benefits so paid.*

(Emphasis added). Iowa Administrative Code 370–3.43 provides:

a. *Whenever a hearing officer affirms a decision of the representative or the appeal board affirms the decision of a hearing officer, allowing payment of benefits, such benefits shall be paid regardless of any further appeal.*

b. However, if the decision is subsequently reversed by higher authority:

(1) The protesting employer involved shall have all charges removed for all payments made on such claim, but this does not apply to a reimbursable employer.

(2) All payments to the claimant will cease as of the date of the reversed decision unless the claimant is otherwise eligible.

(3) No overpayment shall accrue to the claimant because of payment made prior to the reversal of the decision.

(Emphasis added).

It is not necessary in the determination of the present case to consider our decision in *Galvin v. Iowa Beef Processors, Inc.,* 261 N.W.2d 701 (Iowa 1978) involving recoupment of unemployment benefits erroneously paid, or the effect on such decision of later legislative enactments adopting Iowa Code section 96.3(7) (1979) and subsequent amendments thereto. The respondent agency concedes that section 96.6(2) is a special statute which precludes recoupment of benefits in those situations to which it applies regardless of our holding in *Galvin* or the provisions of section 96.3(7). It urges, however, that section 96.6(2) is not applicable to the present controversy and that recoupment is therefore authorized by the present version of section 96.3(7).

Respondent argues that neither section 96.6(2) or Iowa Administrative Code 370–3.43 precludes recoupment of benefits unless two favorable decisions allowing benefits are "reversed by higher authority." Because the present case involves a remand by the appeals board for determination of an issue not previously considered, the agency asserts this condition has not been met. We do not interpret either the statute or the agency rule as providing support for this claim. Under both the statute and the rule, the circumstances which create a proscription against benefit recoupment are two favorable decisions "allowing payment of benefits." In the present case, both the May 14, 1980 decision of the claims deputy and the June 25, 1980 decision of the hearing officer were favorable to petitioner. It is undisputed that as a result of these decisions the agency proceeded to pay benefits to petitioner in the face of a protest by the employer. Under these circumstances, we conclude that these decisions must be characterized as "allowing payment of benefits."

We have also considered the agency's contention that section 96.6(2) only applies where two favorable decisions are later overturned on the same issues which have previously been determined. This argument may have some appeal in situations where the agency acts on newly discovered information of disqualification. Where, as in the present case, the agency has been alerted to the issue upon which disqualification is based and proceeds to approve payment of benefits in two successive decisions, we hold section 96.6(2) precludes recoupment from the recipient. We have considered all issues presented and find no basis upon which to reverse the judgment of the trial court.

AFFIRMED.