**Opal TOOMER, et al., Appellants,**

v.

**IOWA DEPARTMENT OF JOB SERVICE and Colleen Shearer, in her official capacity as Director, Appellees.**

No. 68866.

Supreme Court of Iowa.

Nov. 23, 1983.

Lois Cox of Legal Services Corporation of Iowa, Iowa City, and Diane Dornburg of Legal Aid Society of Polk County, Des Moines, for appellants.

Walter F. Maley, Blair H. Dewey and Edmund Schlak, Jr., Des Moines, for appellees.

Considered by McGIVERIN, P.J., and LARSON, SCHULTZ, CARTER, and WOLLE, JJ.

McGIVERIN, Justice.

This appeal revolves around plaintiffs' underlying claim that the circulation of two internal staff memoranda within the defendant agency, Iowa Department of Job Service, were "rules" that should be declared invalid for failure of the agency to comply with the "rulemaking procedures" of the Iowa Administrative Procedure Act, Iowa Code chapter 17A. We affirm the district court's sustention of defendant agency's motion for summary judgment and the dismissal by the court of appeals of plaintiffs' appeal therefrom. We do so without commenting on the merit of plaintiffs' claim, because we consider it to be moot based on our conclusions that no ultimate remedy exists for two of the plaintiffs and the remaining eight plaintiffs have, subsequent to the commencement of this action, obtained complete redress from the application of the alleged invalid rule in their individual contested cases.

Plaintiffs Opal P. Toomer, Karen K. Stangl, Robert Jones, William Aldrich, Arnt Froshaug, Patricia O'Grady and Terry O. Knockel commenced the action presently before us by filing a petition in equity, seeking injunctive and declaratory relief, on September 12, 1979. Plaintiffs Jo A. Reese, William C. Jacobs and Edward R. Levy were joined by an "amendment to petition," pursuant to Iowa R.Civ.P. 88, filed on September 24, 1979.

Plaintiffs claimed that each had been harmed by the agency's utilization of an alleged "rule," as defined in Iowa Code section 17A.2(7), in determining their individual claims for unemployment insurance benefits, that the alleged "rule" had not been enacted in compliance with agency rulemaking procedures required by Iowa Code chapter 17A (1979), specifically sections 17A.3–.4, and, therefore, the alleged "rule" should be declared "invalid and of no effect."

Plaintiffs contend that their claim is based upon an *independent* challenge to the defendant agency's alleged improper rulemaking. They concede that their appeal does *not* involve any issue of judicial review of their respective Job Service contested case hearings.

The alleged "rule" in question involved the defendant agency's retroactive utilization of newly legislated standards for determining unemployment insurance benefits set forth in 1979 Iowa Acts ch. 33 (S.F. 373). As relevant here, the statute dealt with the time when a claimant, who was discharged for misconduct or voluntarily quit his job, would become eligible for unemployment insurance benefits. These new standards became effective on July 1, 1979. 1979 Iowa Acts ch. 33, § 35. In response to the enactment of S.F. 373, defendant agency circulated an inter-office memorandum to "All Hearing Officers" on June 8, 1979, which, in substance, notified the hearing officers of the enactment of S.F. 373 and expressed the opinion of the agency's General Counsel that the hearing officers were to apply "the law in force at the time of review" in accordance with *Needham Packing Co. v. Iowa Employment Security Commission,* 255 Iowa 437, 441, 123 N.W.2d 1, 3 (1963) (amendment of Iowa Code ch. 96, Employment Security, was to be given retrospective effect).

A second inter-office memorandum was sent to Colleen Shearer, Director of the Department of Job Service, on August 2, 1979. This second memorandum explained, in detail, the legal precedent for applying S.F. 373 on a retroactive basis.

Thus, the newly enacted provisions of S.F. 373 were relied upon by the agency and its hearing officers in determining plaintiffs' unemployment insurance benefits even though each of their claims arose prior to July 1, 1979.

Eight of the ten plaintiffs filed timely appeals of the adverse decisions received in their contested cases in accordance with Iowa Code sections 96.6(3)–(6), (8) (1979). Concurrent to plaintiffs' appeals of their contested cases, we found the retroactive application of S.F. 373 to be invalid. *Cook v. Iowa Department of Job Service,* 299 N.W.2d 698 (Iowa 1980). Thereafter, and subsequent to the commencement of the claim presently before us on appeal, each of

the eight appeals was ultimately decided in accord with *Cook,* and in favor of the claimant. Therefore, each of the eight plaintiffs that pursued intra-agency appeal and judicial review therefrom have received complete redress from the agency's application of the alleged "rule" in their individual contested cases.

Plaintiffs Opal P. Toomer and Terry O. Knockel did not timely pursue intra-agency appeal or judicial review, with the result that the contested case decisions that became *final* as to them incorporate an erroneous retroactive application of S.F. 373.

In response to plaintiffs' petition in equity, defendants entered a "special appearance" attacking the district court's subject matter jurisdiction. The district court sustained defendants' special appearance and dismissed the case.

Plaintiffs then appealed. We transferred the case to the court of appeals, which reversed the district court's sustention of defendants' special appearance and remanded the case to the district court for further proceedings on the merits. The court of appeals decision, that serves as "law of the case", noted that the district court had jurisdiction to hear plaintiffs' independent rulemaking challenge.

On remand to the district court, both sides filed summary judgment motions, the plaintiffs seeking only partial summary judgment. In support of their motion, plaintiffs filed a "statement of material facts as to which there is no genuine issue," in accordance with Iowa R.Civ.P. 237(h). The defendants did not file a similar statement. However, defendants supported their motion by an affidavit detailing the disposition of each of the plaintiffs' contested cases after the appeal was first argued before the court of appeals. Plaintiffs do not dispute those case dispositions. After a hearing, the district court sustained defendants' motion, and denied plaintiffs' motion, on the basis that plaintiffs were without standing, the court was without jurisdiction to grant plaintiffs further relief and plaintiffs' cases were moot because plaintiffs' contested cases had been fully adjudicated.

Plaintiffs again appealed and we transferred the case to the court of appeals. The court of appeals dismissed plaintiffs' appeal.

Plaintiffs then sought and were granted further review. We affirm the court of appeals decision dismissing the appeal, based on our conclusion that plaintiffs' claim is moot for failure to present a justiciable controversy.

I. *Supporting statement.* As a preliminary concern, we address plaintiffs' argument made before the court of appeals that the district court erred procedurally in sustaining, defendants' motion for summary judgment. Plaintiffs argued, and the court of appeals agreed, that Iowa R.Civ.P. 237(h) requires a party moving for summary judgment to annex a supporting statement and memorandum of authorities to his or her motion and that absent such an annexation, summary judgment cannot properly be granted. The court of appeals, however, went on to dismiss the appeal for other reasons. We disagree with the interpretation of rule 237(h) by the court of appeals but agree with the result reached in dismissing this appeal.

Iowa R.Civ.P. 237(h) states:

(h) *Supporting statement and memorandum.* Upon any motion for summary judgment pursuant to this rule, there *shall* be annexed to the motion a separate, short and concise *statement* of the material facts as to which the moving party contends there is no genuine issue to be tried, including specific reference to those parts of the pleadings, depositions, answers to interrogatories, admissions on file and affidavits which support such contentions and a *memorandum* of authorities.

(Emphasis added.)

■ Although we agree that the use of the term "shall" indicates a mandatory requirement with which *counsel* must comply, the failure of counsel to annex a statement of undisputed facts and a memorandum of supporting authorities to his or her motion for summary judgment does not affect a court's authority to rule on the motion. We

stated in *Brody v. Ruby,* 267 N.W.2d 902, 904 (Iowa 1978), that Iowa R.Civ.P. 237(h) "was designed in part to *assist* trial court in examining the entire record before it . . . in light of allegations in the motion." (Emphasis added.) The fact that a court takes under submission a motion for summary judgment without the "assistance" provided by rule 237(h) does not strip the court of authority to rule on such a motion.

■ II. *Mootness.* A claim will be dismissed for mootness if "it no longer presents a justiciable controversy because the issues involved are academic or non-existent." *Iowa Bankers Association v. Iowa Credit Union Department,* 335 N.W.2d 439, 442 (Iowa 1983). A case is moot when judgment, if rendered, will have no practical legal effect upon the existing controversy. *City of Dubuque v. Public Employment Relations Board,* 339 N.W.2d 827, 831 (Iowa 1983).

■ A. *As to eight plaintiffs.* The claim of the eight plaintiffs, who have subsequently received relief from the agency's original application of the alleged "rule" in their respective contested cases, is moot because the claim asserted has become purely "academic" and "non-existent" in view of their subsequent relief, as to Job Service benefits, from the agency. Furthermore, a judgment in their favor would have "no practical legal effect" because they would not be entitled to receive any more than that which they have already obtained. *See Iowa Bankers,* 335 N.W.2d at 442.

■ B. *As to two plaintiffs.* The claim of plaintiffs Toomer and Knockel is also moot for lack of a justiciable controversy. Plaintiffs are attempting, through the mechanism of an independent rulemaking challenge, to collaterally attack the final agency determinations in their respective contested cases because their only conceivable remedy is to have the alleged "rule" declared void as a prerequisite to setting aside their respective contested case decisions. We conclude, however, that they are precluded, by the doctrine of claim preclusion (res judicata), from collaterally attacking the agency's final decision in their contested cases. *United States v. Utah Con-*

*struction & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642, 661 (1966) (Court declared: "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose."); *Leeman v. Vocelka,* 149 Neb. 702, 711, 32 N.W.2d 274, 280 (1948) (actions of a quasi-judicial administrative body are not subject to collateral attack or reviewable by resort to an injunctive suit in equity); *Martin v. Wolfson,* 218 Minn. 557, 564, 16 N.W.2d 884, 888 (1944) (the rule prohibiting collateral attack was "[l]ogically . . . extended to orders and decisions of administrative boards and tribunals acting in a judicial or quasi-judicial capacity. . . ."); Restatement (Second) of Judgments § 83 (1982) ("[A] valid and final adjudicative determination by an administrative tribunal has the same effects under the rules of res judicata, subject to the same exceptions, as a judgment of a court."); 2 Am.Jur.2d, Administrative Law, section 493 ("[A] determination made by an administrative agency in its judicial or quasi-judicial capacity is not subject to collateral attack. . . ."). Therefore, because plaintiffs only conceivable remedy is precluded, we conclude that no justiciable controversy exists.

■ III. *No advisory opinion.* As in *Beam v. Iowa Employment Security Commission,* 264 N.W.2d 742, 745 (Iowa 1978), we decline the invitation to render an advisory opinion on the merits of plaintiffs' claim. We do not consider this an appropriate case for an advisory opinion based on our conclusion that it does not adequately comply with the criteria established for determining whether a question is of sufficient public importance to qualify as an exception to the mootness doctrine. *See Rush v. Ray,* 332 N.W.2d 325, 326 (1983).

We uphold the district court ruling and the court of appeals decision because plaintiffs' claim is now moot.

AFFIRMED.

All justices concur except for SCHULTZ, J., who concurs specially.

SCHULTZ, Justice (concurring).

I agree with the majority opinion with one exception. I think the moot question should be addressed because of its important public policy implications.

I would hold that memorandums written by chief hearing officers should not be classified as "rules" under the definition of Iowa Code section 17A.2(7). Such memorandums are merely legal opinions rendered in a situation where uniformity is desirable, but there is not time to enact rules. The opinions are not binding on anyone. I would give little heed to the stringent and legalistic interpretation of the statute requested by the appellants. The suggested result would hamstring agency lawyers in emergency situations from giving legal opinions designed to alleviate diverse results and afford some uniformity in agency actions. I do not believe the legislators intended such opinions to be classified as rules. Accordingly, I would affirm on this basis.