LEFEBURE CORPORATION, Appellee,

v.

IOWA DEPARTMENT OF JOB SERVICE, Appellant.

No. 83–37.

Supreme Court of Iowa.

Dec. 21, 1983.

Walter F. Maley, Blair H. Dewey, and Edmund Schlak, Jr., Des Moines, for appellant.

Iris Muchmore and Richard G. Hileman, Jr. of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McGIVERIN, LARSON, and CARTER, JJ.

CARTER, Justice.

Respondent agency appeals from district court order requiring it to reduce unemployment benefits of laid off employees by the amount of advance vacation pay which they had received under the collective bargaining agreement with petitioner-employer.

The primary issue on appeal is whether an employer required by contract to advance the vacation pay of certain employees prior to the time their vacation is

taken may seek a proportionate reduction of unemployment benefits during a layoff if the period of layoff includes the period when unused vacation is required to be taken. We answer this question in the affirmative, as did the district court, and therefore affirm the order from which the agency's appeal is taken.

The agency action which the district court reversed concerned the unemployment benefits of four employees laid off from their jobs with petitioner. As required by the collective bargaining agreement with the employer, each of these employees had received vacation pay at the beginning of the twelve month period in which his vacation was required to be taken. During the ensuing year, all four of these employees were laid off prior to taking their vacation. The period of layoff extended beyond the period in which they were required to take their accrued vacation or forfeit it.

At the beginning of a period of layoff in June of 1981, each of the four employees had one week of prepaid and unused paid vacation. When it became apparent to the petitioner-employer that the layoff would extend beyond the period in which these employees were required to take this vacation, the employer wrote to respondent agency asking that the prepaid vacation pay for unused vacation be treated as income received during the final week of that period. This letter sought to achieve a reduction in unemployment benefits otherwise payable to these employees during the weeks designated. It was received by respondent agency prior to the weeks designated for the respective employees. The intervening time periods were four, five, ten and thirty-three days, respectively.

It is petitioner's contention that the agency should have reduced unemployment benefits for the weeks designated by reason of the provisions of Iowa Code 96.5(7)(a) (1981). The agency believed that the matter was instead controlled by Iowa Code 96.5(7)(b), which may not be invoked by an employer unless the designation is made within seven days of the filing of the employee's claim for benefits. In the present case, the four employees filed for benefits on August 20, 1981, and employer's written designation with respect to their unused paid vacation was not given to the agency until September 28, 1981. The request for reduction of benefits was therefore considered to be untimely by the agency.

Petitioner sought judicial review of the final agency order in the district court asserting that the agency decision involved an error of law. That an agency decision is "[a]ffected by ... error of law" provides a statutory ground for judicial review under Iowa Code Section 17A.19(8)(e) (1981). The district court reviewed the final agency order on this basis and concluded that petitioner was correct in contending that the applicable statutory provision was subparagraph (a) of section 96.5(7), that its designation was timely under that section, and that the agency erred in applying subparagraph (b) of the statute to deny petitioner's claim for relief.

The district court, when exercising the power of judicial review conferred by section 17A.19(8), functions in an appellate capacity to correct errors of law on the part of the agency. *Foods, Inc. v. Iowa Civil Rights Commission*, 318 N.W.2d 162, 165 (Iowa 1982); *Iowa Public Service Co. v. Iowa State Commerce Commission*, 263 N.W.2d 766, 768 (Iowa 1978). In our review of such action by the district court we merely apply the standards of section 17A.19(8) to the agency action to determine whether our conclusions are the same as those of the district court. *Foods, Inc.*, 318 N.W.2d at 165; *Jackson County Public Hospital v. Public Employment Relations Board*, 280 N.W.2d 426, 429–30 (Iowa 1979).

The issue in the present case, as presented by both parties to the appeal, is entirely one of statutory interpretation. We have held in other cases involving Iowa Code chapter 96, that, although it is remedial in character it must be construed in the same manner as any other legislation with an eye toward the legislative scheme as disclosed by the wording of the act. *Iowa Malleable*

*Iron Co. v. Iowa Employment Security Commission,* 195 N.W.2d 714, 716–17 (Iowa 1972); *Needham Packing Co. v. Iowa Employment Security Commission,* 255 Iowa 437, 440–41, 123 N.W.2d 1, 3 (1963). The full text of the statutory provision upon which both parties rely is as follows:

    a. When an employer makes a payment or becomes obligated to make a payment to an individual for vacation pay, or for vacation pay allowance, or as pay in lieu of vacation, such payment or amount shall be deemed 'wages' as defined in section 96.19, subsection 12, and shall be applied as provided in paragraph 'c' hereof.

    b. Whenever, in connection with any separation or layoff of an individual, his or her employer makes a payment or payments to him or her, or becomes obligated to make such payment to him or her as, or in the nature of, vacation pay, or vacation pay allowance, or as pay in lieu of vacation, and within seven calendar days after notification of the filing of his or her claim, designates by notice in writing to the department the period to which such payment shall be allocated; provided, that if such designated period is extended by the employer, he or she may again similarly designate an extended period, by giving notice thereof in writing to the commission not later than the beginning of the extension of such period, with the same effect as if such period of extension were included in the original designation. The amount of any such payment or obligation to make payment, shall be deemed 'wages' as defined in section 96.19, subsection 12, and shall be applied as provided in paragraph 'c' of this subsection 7.

    c. Of the wages described in paragraph 'a' (whether or not the employer has designated the period therein prescribed), or of the wages described in paragraph 'b', if the period therein described has been designated by the employer as therein provided, a sum equal to the wages of such individual for a normal workday shall be attributed to, or deemed to be payable to him or her with respect to, the first and each subsequent workday in such period until such amount so paid or owing is exhausted. Any individual receiving or entitled to receive wages as provided herein shall be ineligible for benefits for any week in which the sums, so designated or attributed to such normal workdays, equal or exceed his or her weekly benefit amount. If the amount so designated or attributed as wages is less than the weekly benefit of such individual, his or her benefits shall be reduced by such amount.

Our reading of the three subparagraphs of this statute within the context of the act convinces us that the vacation pay which is involved here is embraced by subparagraph (a) of section 96.5(7) rather than subparagraph (b). Subparagraph (b) is aimed at payments which are made "in connection with any separation or layoff." The payments to the four employees in the present case were required to be made as prepaid "vacation pay" without regard to the occurence of any separation or layoff of the employees.

Subparagraph (c) of section 96.5(7) directs how payments under both subparagraph (a) and subparagraph (b) shall be applied in reduction of unemployment benefits. It is recognized in subparagraph (c) that while payments in connection with separation or layoff under subparagraph (b) are subject to the requirement that the period "has been designated by the employer as therein provided," no such requirement is contemplated for vacation pay payments falling under subparagraph (a). Indeed, subparagraph (c) provides that the agency upon being made aware of vacation pay received shall act to reduce unemployment benefits even in the absence of an employer designation. Such reduction is consistent with a general policy that even though one is unemployed during certain weeks, he or she is not entitled to unemployment benefits for weeks if receiving or having received vacation pay therefor. See 76 Am.Jur.2d Unemployment Compensation § 86 (1975); Annot. 14 A.L.R. 4th 1175, 1178 (1982).

Based upon our reading of the act, we reject the agency's claim that the seven-day notice requirement of subparagraph (b) applies to prevent reduction of unemployment benefits in the present case. Nor do we accept the agency's alternate argument that the act permits reduction of benefits only when the vacation pay is actually received during the period of unemployment. We hold that if there were any weeks in which unemployment benefits were otherwise owing to these four employees subsequent to the September 28, 1981 notice from the employer, the agency must act to reduce benefits paid during this period in accordance with subparagraph (c) of section 96.5(7). The amount of prepaid vacation pay in each instance shall be attributed to the first and each subsequent workday (Monday through Friday) during this period until the entire amount of prepaid vacation pay has been applied in reduction of benefits. If recoupment of benefits paid is not possible as a result of Section 96.6(2), see *Reichl v. Iowa Department of Job Service*, 333 N.W.2d 836, 837–38 (Iowa 1983), the employer's account shall nonetheless not be charged.

The decision of the district court is affirmed and the case remanded to the agency for action consistent with our opinion.

AFFIRMED.