[No. 16665–4–I.   Division One.   September 12, 1988.]

SIDNEY BERLAND, *Appellant,* v. THE EMPLOYMENT SECURITY DEPARTMENT, *Respondent.*

*Sidney Berland*, pro se.

*Kenneth O. Eikenberry, Attorney General*, and *Shirley Wilson, Assistant*, for respondent.

ANDERSEN, J.*—

FACTS OF CASE

At issue in this case is whether RCW 50.44.050, the statute declaring substitute teachers with assurance of reemployment ineligible for unemployment compensation benefits during holiday periods, is unconstitutional. This issue arises in the context of a substitute teacher who collected $138 in unemployment compensation benefits for a Christmas vacation period contrary to law. He was ordered to repay it and appeals.

Sidney Berland, the plaintiff herein, was employed as a substitute teacher in the Seattle public schools during the 1981–82 academic year. In June 1982 the Seattle School District sent plaintiff an application to continue as a substitute teacher during the 1982–83 academic year. Plaintiff

---

*This appeal was heard by a Supreme Court Justice, a retired Court of Appeals Judge, and a retired Superior Court Judge sitting as Court of Appeals Judges Pro Tempore in Division One.

signed and returned the application, and was in fact employed as a substitute teacher during fall 1982.

Notice of the Christmas vacation period of December 17, 1982 to January 3, 1983, was posted on various school bulletin boards. Plaintiff understood that he would remain on the substitute teacher list after the vacation period and was at no time told he would not return to work after the vacation.

Despite this understanding, plaintiff applied for and received unemployment compensation for the weeks ending December 25, 1982 and January 1, 1983, in the amount of $138. Shortly thereafter, the Employment Security Department issued a determination notice denying plaintiff's eligibility for unemployment compensation and ordering him to repay the $138. Plaintiff's administrative appeals of that determination, first to the Office of Administrative Hearings and then to the Commissioner of the Employment Security Department, resulted in affirmations of the benefit denial and repayment order.

Plaintiff then appealed to the King County Superior Court, which reviewed the administrative hearings record and in accordance with the law took no further testimony or evidence. The Superior Court affirmed the Commissioner, and plaintiff timely appealed to this court.

One principal issue is presented.

## ISSUE

Does the state statute, RCW 50.44.050, violate the equal protection and due process guaranties of the state or federal constitution?

## DECISION

CONCLUSION. We answer the question posed by this issue in the negative. There was a rational basis for the Legislature to declare, as it did, that substitute teachers would be ineligible for unemployment compensation for periods between academic terms if they were reasonably assured of reemployment in the succeeding term. We hold that the

state statute so declaring (RCW 50.44.050) is not unconstitutional.

Plaintiff's principal argument is that the Commissioner's decision denying him unemployment compensation during the 1982–83 Christmas vacation was unconstitutional because the statute on which the denial was based, RCW 50.44.050, is unconstitutional. Our review of the constitutionality of that statute is part of the standard of review that we must apply to the Commissioner's decision. The administrative procedure act (RCW 34.04), specifically RCW 34.04.130(6), requires that we determine whether the Commissioner's decision was constitutional, in excess of the agency's authority or jurisdiction, made upon unlawful procedure, affected by other error of law, clearly erroneous, or arbitrary and capricious.[1]

RCW 50.44.050[2] provides that employees of an educational institution may not receive unemployment benefits

---

[1]*See* RCW 50.32.120; *Alexander v. Department of Empl. Sec.*, 38 Wn. App. 609, 613, 688 P.2d 516, *review denied,* 103 Wn.2d 1009 (1984).

[2]At all times pertinent herein RCW 50.44.050 provided as follows:

"(1) Except as otherwise provided in subsections (1), (2) and (3) of this section, benefits based on services in employment covered by or pursuant to this chapter shall be payable on the same terms and subject to the same conditions as compensation payable on the basis of other service subject to this title. Benefits based on service in an instructional, research or principal administrative capacity in an educational institution shall not be paid to an individual for any week of unemployment which commences during the period between two successive academic years or terms (or, when an agreement provides instead for a similar period between two regular but not successive terms, during such period) to an individual if such individual performs such services in the first of such academic years or terms and if there is a contract or reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms. Any employee of a common school district who is presumed to be reemployed pursuant to RCW 28A.67.070 shall be deemed to have a contract for the ensuing term.

"(2) Benefits shall not be paid based on services in any other capacity for an educational institution (other than an institution of higher education as defined in RCW 50.44.037) for any week of unemployment which commences during the period between two successive academic years or during a period between two successive academic years or terms, if such individual performs such services in the first of such academic years or terms and there is an individual contract or an

for the period between academic terms if they are reasonably assured of employment with the institution in the succeeding academic term.

Plaintiff contends that denying substitute teachers unemployment compensation during breaks in the school year violates state and federal equal protection and due process guaranties. Plaintiff does not allege that the Washington State Constitution provides any more protection in this area than the United States Constitution. We thus will analyze his contention under federal constitutional provisions.[3]

■ In *Gluck v. Employment Sec. Dep't,* 84 Wn.2d 316, 318, 525 P.2d 768 (1974), the Washington State Supreme Court held that the "rational basis" test applies to an equal protection argument involving unemployment compensation:

> In analyzing this equal protection issue, we must bear in mind that we are not dealing with a suspect classification such as one based on sex, as was the case of *Hanson v. Hutt,* 83 Wn.2d 195, 517 P.2d 599 (1973), also involving unemployment compensation. Nor is there a vested right to unemployment compensation. *Needham Packing*

---

individual written notice to the employee that the individual will perform such services in the second of such academic years or terms.

"(3) Benefits shall not be paid based on any services described in subsections (1) and (2) of this section for any week of unemployment which commences during an established and customary vacation period or holiday recess if such individual performs such services in the period immediately before such vacation period or holiday recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holiday recess.

"(4) Benefits shall not be paid (as specified in subsections (1), (2), or (3) of this section) based on any services described in subsections (1) or (2) of this section to any individual who performed such services in an educational institution while in the employ of an educational service district which is established pursuant to chapter 28A.21 RCW and exists to provide services to local school districts." (Underscoring omitted.) Laws of 1981, ch. 35, § 12.

It should be noted that RCW 50.44.050 was amended, in respects not pertinent here, by Laws of 1983, 1st Ex. Sess., ch. 23, § 23 and by Laws of 1984, ch. 140, § 2.

[3]*See In re Rosier,* 105 Wn.2d 606, 616, 717 P.2d 1353 (1986).

*Co. v. Iowa Employment Sec. Comm'n,* 255 Iowa 437, 123 N.W.2d 1 (1963).

Under the rational basis test, the challenged classification is given minimal scrutiny.[4]

■■■■ The three questions that must be asked under this test are set forth in the recent opinion of *Conklin v. Shinpoch,* 107 Wn.2d 410, 418, 730 P.2d 643 (1986):

To apply the rational basis test for deciding if there is a denial of equal protection, our court uses a 3–step inquiry. First, does the classification apply alike to all members within the designated class? Second, does some basis in reality exist for reasonably distinguishing between those within and without the designated class? Third, does the challenged classification have any rational relation to the purposes of the challenged statute?

First, all substitute teachers are treated alike under RCW 50.44.050, in that none receive unemployment compensation during a school vacation if they are reasonably assured of employment in the succeeding term. Thus, the first step toward satisfying the rational basis test is met.[5]

With regard to the second step, plaintiff contends that there *is* no basis upon which to distinguish substitute teachers from contract teachers. He argues that since contract teachers receive a salary during vacation periods, substitute teachers are entitled to unemployment compensation during those periods. Substitute teachers are paid by the day, whereas contract teachers receive a salary and a panoply of other bargained–for benefits. There is a basis in reality upon which to distinguish one who performs work on a temporary, casual basis from a full–time, permanent, salaried worker. This distinction was highlighted in *Jennings v. Department of Empl. Sec.,* 34 Wn. App. 592, 597, 663 P.2d 849 (1983), which cited a federal memo discussing

---

[4] *Conklin v. Shinpoch,* 107 Wn.2d 410, 417, 730 P.2d 643 (1986).

[5] *See Chicago Bridge & Iron Co. v. Department of Labor & Indus.,* 46 Wn. App. 252, 256–57, 731 P.2d 1 (1986), *review denied,* 107 Wn.2d 1032, *cert. denied,* 108 S. Ct. 87 (1987).

the "reasonable assurance" requirement as it applies to substitute teachers:

> The heart of the problem of "a reasonable assurance" for substitute teachers is the nature of the work. The amount of work available cannot be determined. It is dependent on the number of regular teachers who will be absent during the school year. This is not susceptible to precise prediction. . . . In our view when an individual applies for and is accepted for work as a substitute teacher, the application and acceptance is made with the full knowledge of the realities of the situation: namely that there is no guarantee to work.

Plaintiff, in effect, is here seeking to escape the realities of his situation as a substitute teacher. He seeks a guaranteed income because he has no guaranteed employment. In any case, plaintiff's comparison of substitute and salaried teachers is irrelevant, since contract teachers, like substitute teachers reasonably assured of employment, cannot receive unemployment compensation during school vacation periods under RCW 50.44.050.

The distinction to be made for equal protection purposes is between substitute teachers who have a reasonable assurance of employment following a school break, thus rendering them ineligible for unemployment compensation, and those who have no such assurance, thus making them eligible for unemployment benefits. There is a valid basis for such a distinction, which, as the following discussion demonstrates, is related to the purposes of the statute in question, RCW 50.44.050.

The purpose of RCW 50.44.050 is to bring Washington into compliance with federal law, specifically 26 U.S.C. § 3304, in order to obtain federal funds for unemployment compensation.[6] Those federal funds are intended to provide benefits for workers during aggravated periods of

---

[6]*See* RCW 50.98.110; *Abulhosn v. Department of Empl. Sec.,* 106 Wn.2d 486, 489, 722 P.2d 1306 (1986).

unemployment.[7] As a federal court has observed in this connection:

> The very nature of the compensation scheme, its extended duration and integral relation to prevailing economic factors, anticipates sustaining an unemployed worker during the search for re–employment in a locale marked by chronic unemployment and a depressed job market.

*Chicago Teachers, Local 1 v. Johnson,* 421 F. Supp. 1261, 1264 (N.D. Ill. 1976), *rev'd on other grounds,* 639 F.2d 353 (1980).

Like Washington, the State of Michigan excludes school employees from receiving unemployment compensation during school vacations if they are reasonably assured of employment in the subsequent term.[8] The Michigan Court of Appeals recently elaborated on the reasoning in the *Chicago Teachers* case in explaining the school employees exclusion:

> School employees . . . are not entitled to unemployment benefits for those periods when they traditionally do not work. . . . This Court has suggested that the Legislature's exclusion resulted in part because of an opinion that school employees "know of the seasonal layoff well in advance (and may consider it an employment benefit) and are not faced with the same 'economic crunch' as those who are unpredictably laid off during the year."

(Citation omitted.) *Rogel v. Taylor Sch. Dist.,* 152 Mich. App. 418, 424, 394 N.W.2d 32 (1986), citing *Michigan State Employees Ass'n v. Michigan Empl. Sec. Comm'n,* 94 Mich. App. 677, 692–93, 290 N.W.2d 729, *appeal denied,* 408 Mich. 952 (1980).

While it is true that substitute teachers may not have the financial security of a full–time, salaried teacher, their unemployment during a school vacation is not the type of unpredictable layoff that unemployment benefits are

---

[7]*Herrera v. Industrial Comm'n,* 197 Colo. 23, 26, 593 P.2d 329, 332 (1979).

[8]*Rogel v. Taylor Sch. Dist.,* 152 Mich. App. 418, 424, 394 N.W.2d 32 (1986).

designed to redress. Though this result may seem unfair to some, that is not equivalent to unconstitutionality. Simply stated, this was a decision for the Legislature to make in view of all the circumstances, and make it the Legislature did when the law was enacted. "[T]he equal protection clause 'does not require identical treatment for all without recognition of difference in relevant circumstances.'"[9] Unemployment compensation is intended to support individuals during aggravated and unpredictable periods of unemployment. In the judgment of the Legislature, school vacation is not such a period. The classification of substitute teachers with a reasonable assurance of employment, and the denial of unemployment compensation to that classification, is rationally related to the goals of the federal and state unemployment compensation programs. As our Supreme Court has observed, the Legislature has broad discretion in establishing classifications in social and economic legislation.[10] The classifications set forth in RCW 50.44.050 do not violate equal protection guaranties.

Similarly, statutes that deny unemployment compensation to substitute teachers with assurances of reemployment do not violate constitutional due process guaranties. Due process is satisfied so long as there is a rational basis for statutory classifications and those belonging to the same class are treated alike.[11] As our foregoing discussion demonstrates, there is a rational basis for the classifications in RCW 50.44.050 and substitute teachers are treated alike under the statute.

Our State Legislature and Congress could reasonably decide that educational employees with either a contract or

---

[9]*Gluck v. Employment Sec. Dep't*, 84 Wn.2d 316, 320, 525 P.2d 768 (1974), citing *Aetna Life Ins. Co. v. Washington Life & Disab. Ins. Guar. Ass'n*, 83 Wn.2d 523, 529, 520 P.2d 162 (1974).

[10]*Conklin*, at 417.

[11]*Robinson v. Administrator, Dep't of Empl. Sec.*, 356 So. 2d 477, 481 (La. Ct. App. 1977).

some assurance of reemployment do not need the extraordinary relief provided by 26 U.S.C. § 3304. That is a legislative decision, not a judicial one. We hold that RCW 50.44.050 violates neither constitutional due process nor equal protection guaranties and that, accordingly, the Commissioner's decision was not unconstitutional.

■ We thus return to the remaining considerations to be made under the standard of review set forth earlier. Plaintiff does not argue that the Commissioner's decision exceeded his statutory authority or was made upon unlawful procedure, and at any event there is no evidence in the record to support such claims. Nor do we perceive that the decision was clearly erroneous, or that it was arbitrary or capricious. The decision of the Commissioner must be considered prima facie correct.[12] A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been made.[13] We are left with no such conviction in this case. The Commissioner's decision to deny plaintiff's eligibility for unemployment compensation during the 1982–83 Christmas vacation was not improper; it was based on the clear requirement of the statute. The repayment order will be upheld as well since there is no showing of an abuse of discretion by the Commissioner in declining to waive the overpayment.[14]

Plaintiff raises other issues which are not meritorious on the record presented. Some rest on evidence outside the record. In cases such as this one, our review is limited to

---

[12]RCW 50.32.150; *Alexander v. Department of Empl. Sec.*, 38 Wn. App. 609, 613, 688 P.2d 516, *review denied*, 103 Wn.2d 1009 (1984).

[13]*Jennings v. Department of Empl. Sec.*, 34 Wn. App. 592, 599, 663 P.2d 849 (1983), citing *Ancheta v. Daly*, 77 Wn.2d 255, 259–60, 461 P.2d 531 (1969).

[14]RCW 50.20.190 ("The commissioner may waive an overpayment if he finds that said overpayment was not the result of fraud, misrepresentation, wilful nondisclosure, or fault attributable to the individual and that the recovery thereof would be against equity and good conscience . . .").

the record before the Commissioner, so we may not consider such additional issues.[15]

The decisions of the Employment Security Department, the administrative law judge, the Employment Security Department Commissioner, and the superior court to deny plaintiff eligibility for unemployment benefits for the 2 weeks in question and to order repayment of the $138 overpayment are upheld.

Affirmed.

ARMSTRONG and ENNIS, JJ. Pro Tem., concur.

---

[15]*See Standow v. Spokane*, 88 Wn.2d 624, 637, 564 P.2d 1145, *appeal dismissed*, 434 U.S. 992 (1977), *overruled on other grounds in State v. Smith*, 93 Wn.2d 329, 610 P.2d 869, *cert. denied*, 449 U.S. 873 (1980).